CLARK *et al.*, Respondents, *vs.* MIDDLETON & RILEY, GAR- NISHEES OF THE COLUMBUS INS. CO., Appellants.

1. The mere fact of the insolvency of an insurance company, when an insurance is effected, does not avoid the contract, nor exempt the assured from his liability to pay the premium, in the absence of any fraud.
2. The failure of the agency of a foreign insurance company to file the statement required by the act to license and regulate such agencies, does not avoid promises made to the company to pay the premium on insurance.

*Appeal from St. Louis Circuit Court.*

*Glover & Richardson*, for appellants. The contract of insurance requires *uberrima fides* between the parties, and the concealment or suppression by either party of a material *fact* will avoid the policy; and the effect is the same, whether the concealment is " by design or through negligence, mistake, inadvertence or oversight." 1 Phil. on Ins. (old ed.) 80. The obligations of good faith are equally binding on the as-

sured and the underwriter. The solvency of the company is a material fact in every contract of insurance. *Carter* v. *Boehm*, 3 Burrow, 309. *Oom* v. *Bruce*, 12 East, 224. *Henry* v. *Standeforth*, 4 Camp. 271. 1 Maule & S. 39. 5 ib. 124. 1 Camp. 401. *Fcise* v. *Parkinson*, 4 Taunt. 640. The conduct of the company was a gross fraud upon the public. Similar conduct on the part of an individual would avoid a contract, at the option of the injured party. 12 Pick. 307. 9 Gill & J. 278. The failure of the company to comply with the act to license and regulate agencies of foreign insurance companies, (R. C. 1845, p. 609,) avoided the contract. The infliction of a penalty for transacting business before complying with the law, implies a prohibition. 1 Kent's Comm. 467. *Downing* v. *Rainer*, 7 Mo. Rep. 586.

*Haight* and *Shepley*, for respondents. There is no law making the contracts of a person who is not solvent absolutely invalid, nor is it believed that, in this respect, there is any difference between corporations and individuals. It is not stated in the answer that, so far as the garnishees are concerned, the Columbus Insurance Company did not perform all that they contracted to do, or that the company ever failed to pay any losses of property insured by them, from the time this insurance was effected. It frequently happens that an insurance company, at a particular time, may. be in a situation that, if obliged to stop, they would not be able to pay all their debts. Shall all their contracts therefore be deemed invalid ?

GAMBLE, Judge, delivered the opinion of the court.

Middleton & Riley being summoned as garnishees on an execution in favor of Clark & Co., against the Columbus Insurance Company, answered an interrogatry in relation to their indebtedness to the company, by stating that they had effected insurance with an agency of the company and that the premium on such insurance amounted to $474 54. They further stated that when the policy was issued, the company held itself

out to the public as entirely solvent and able to meet its engagements in the line of its business, and that the garnishees, relying on the representations of the company, accepted the policy, when the fact was, that the company was not then solvent or able to meet its engagements, as its agents and servants well knew, except, perhaps, the agent who issued the policy to them. The garnishees further alleged that the Insurance Company had failed to file the annual statement required to be filed by the act to license and regulate the agencies of foreign insurance companies, and claimed that the entire contract of insurance was thereby rendered void.

1. The mere fact of the insolvency of the company, at the time of issuing the policy to the garnishees, does not authorize them to repudiate it as a contract, and claim an exemption from liability to pay the premium. There must have been an actual fraud practiced upon them, by which they were deceived. It has been decided at the present term of this court, that the mere insolvency of a person who purchases goods on a short credit, does not authorize the seller to annul the sale and reclaim the property. There must be a fraudulent purpose on the part of the purchaser, and a contrivance to effect it. *Bidault* v. *Wales and others*, antè, 36.

In the present case, the charge is, that the Insurance Company held itself out to the public as solvent, when, in fact, it was insolvent. What act was done, what representation was made by which the garnishees were deceived, is not stated. Whether there was any purpose to deceive, is not stated, but it would appear from the answer, that probably the agent with whom they dealt did not himself know that the company was insolvent. The insurance was effected in February, 1851, on goods to be transported from the eastern cities to St. Joseph, in this state, and the answer which was filed in June, 1852, long after the goods must have been received, discloses, for the first time, the objection to the contract, that the company was insolvent. The authorities cited on the part of the garnishees, have no application to the question.

2. This court has before passed upon the question, whether the failure of an agency of a foreign company to file the statement required by the act, avoids the promises made to the company to pay the premium on insurance, and we have held that it has no such effect.

The judgment is, with the concurrence of the other judges, affirmed.