## Thomas Buell, Receiver, etc., v. The Breese Mill and Grain Co.

1. FOREIGN INSURANCE COMPANIES—*Suits to Collect Assessments.*—A mutual fire insurance company of another State which issues a policy upon property in this State, without complying with the statute relating to foreign insurance companies, can not maintain an action to collect assessments in the courts of this State.

2. COMITY—*Between States—Limitation of the Doctrine.*—Comity between States does not require a law of one State to be executed in another, when it will be against the public policy of the latter State, and no State is bound to recognize or enforce contracts which are injurious to the welfare of its people or in violation of its laws.

Assumpsit, for assessments on a policy of insurance. Appeal from the Circuit Court of Clinton County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed June 18, 1896.

PORTER W. BROWN, attorney for appellant; GEORGE E. SUTHERLAND, of counsel.

The right to maintain an action to recover an assessment in the State where the policy holder resides has been upheld, notwithstanding the fact that the company was not licensed to do business in that State. Hyde v. Goodnow, 3 Comst. 266; Huntley v. Merrell, 32 Barb. 626; Thornton v. Insurance Co., 31 Pa. St. 529; Columbia Insurance Co. v. Kinyon, 37 N. J. L. 33; Lamb v. Bowser, 7 Biss. 372; Insurance Co. v. Lapsley, 15 Gray, 262; Insurance Co. v. Way, 62 N. H. 622.

The policy which was issued by the insurance company to the defendant was unquestionably valid, notwithstanding any statute relating to license.    Leonard v. Washburn, 100 Mass. 251; Hartford Insurance Co. v. Matthews, 102 Mass. 221; Clark v. Middleton, 19 Mo. 53; Columbus Insurance Co. v. Walsh, 18 Mo. 229; Union Insurance Co. v. McMillen, 24 Ohio St. 67, 79; Insurance Co. v. Whipple, 61 N. H. 61; Connecticut Insurance Co. v. Way, 62 N. H. 622; Ehrman v. Union Insurance Co., 9 Ins. L. J. 347; Watertown Co. v. Simons, 96 Pa. St. 520; Insurance Co. v. Wellman, 69 Ind. 412; Behler v. German Insurance Co., 68 Ind. 347; Atlantic Insurance Co. v. Concklin, 6 Gray, 73; Insurance Co. v. Lapsley, 15 Gray, 262; Ganser v. Firemen's Insurance Co., 34 Minn. 372; Phoenix Insurance Co. v. Penn. Co. (Ind.), 33 N. E. Rep. 970.

VAN HOOREBEKE & FORD, attorneys for appellee.

In those States, under statutes like ours, it has been held as against companies, or their assignees, that they can not recover upon the premium or assessment notes, for the reason that the policies, being issued in the face of the statutory prohibition, were not a lawful consideration, and the insurance was held invalid.    Haverhill Ins. Co. v. Preston, 42 N. H. 547; Jones v. Smith, 3 Gray, 500; Williams v. Cheney, 3 Gray, 222; 3 Am. & Eng. Ency. of Law, Secs. 49, 872; see, also, Banking Co. v. Rautenberg, Admx., 103 Ill. 460; Penn v. Bornman et al., 102 Ill. 523; Pierce v. The People, 106 Ill. 11; People v. People's Ins. Ex., 125 Ill. 466; Cincinnati Mutual Health Ins. Co. v. Rosenthal, 55 Ill. 85.

A contract against public policy will not be enforced anywhere.    Beveridge v. Merritt, 8 Brad. 467; Cottran v. Ellis, 125 Ill. 496; Irwin v. Milliar, 110 U. S. 499.

If a contract is valid where made, yet if against public policy, or a positive law of the State where suit is brought, it will not be enforced.    Phinney v. Baldwin, 16 Ill. 108; Chewning v. Johnson, 5 La. Ann. 678; Greenwood v. Curtin, 6 Mass. 358–377; Kent's Com. (7th Ed.), Vol. 2, 567–570 and 571; Story on the Conflict of Laws, Secs. 29–38, and 327; Munford v. Canty, 50 Ill. 375; Pope v. Hanke, 155 Ill. 617.

Buell v. Breese Mill and Grain Co.

No State is bound to recognize or enforce contracts which are injurious to the welfare of its own people, or which are in violation of its own laws. Seamans, Rec., v. Zimmerman, 59 N. W. Rep. (Iowa) 290; Seamans v. Temple Co., 63 N. W. Rep. (Mich.) p. 40; Pierce v. The People, 106 Ill. 11; Rose v. Kimberly Clark Co., 62 N. W. Rep. (Wis.) 526.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

The declaration alleges that the Millers' Mutual Insurance Company is duly incorporated under the laws of Wisconsin; that under those laws, and under the articles of incorporation and the by-laws, every policy holder is a member of the company and is required to give his obligation to pay his *pro rata* share of losses and expenses whenever assessments shall be made therefor; that appellant Buell is the receiver of the corporation, duly appointed by a Wisconsin court having jurisdiction to make the appointment, and has been duly authorized by that court to commence this action; that appellee's property in Illinois was insured by the said insurance company, on November 25, 1891; that in part payment for the policy, appellee gave his obligation to pay a certain sum of money in installments, whenever assessments therefor should be made; that an assessment for $363.50 has been duly made by the court which appointed the receiver; that the application, policy and obligation sued upon were all made in Wisconsin, and that the contract is to be enforced according to the laws of that State.

Appellee pleaded the general issue, and a special plea, in which it was alleged that the insurance company was a corporation, doing a fire insurance business, and organized and existing under the laws of Wisconsin, with its principal office in the city of Milwaukee; that the insurance company was not organized, existing or doing business under the laws of the State of Illinois; that when the policy was made and the obligation executed, the insurance company had not complied with Sec. 23 of Chap. 73 of the statutes of Illinois (Starr & Curtis' Annotated Statutes), and had not procured

from the auditor of public accounts a certificate of authority to do business in this State, as required by that section.

A general demurrer to the special plea was overruled. Appellant elected to abide by the demurrer, and judgment was rendered in favor of appellee for costs.

It is now urged by appellant that the demurrer to the special plea should have been sustained.

Those parts of section 23 which have a direct bearing on the question presented by the record, are as follows:

" It shall not be lawful for any insurance company, association or partnership, incorporated by or organized under the laws of any other State of the United States, or any foreign government, for any of the purposes specified in this act, directly or indirectly, to take risks or transact any business of insurance in this State unless possessed of the amount of actual capital required of similar companies formed under the provision of this act; and any such company desiring to transact any such business, as aforesaid, by any agent or agents in this State, shall first appoint an attorney in this State on whom process of law can be served, and file in the office of the auditor of public accounts a written instrument, duly signed and sealed, certifying such appointment, which shall continue until another attorney be substituted."

" Nor shall it be lawful for any agent or agents to act for the company or companies referred to in this section, directly or indirectly, in taking risks or transacting the business of fire or inland navigation insurance in this State, without procuring from the auditor of public accounts a certificate of authority, stating that such company has complied with all the requisitions of this act which apply to such companies, and the name of the attorney appointed to act for the company."

" Any violation of any of the provisions of this act shall subject the party violating the same to a penalty of $500 for each violation."

The same section also requires the filing of a detailed statement of the assets, indebtedness, etc., of the company, and

the following section authorizes the revocation of the certificate of authority to do business whenever it shall satisfactorily appear that said statement is false.

There can be no doubt of the propriety and constitutionality of the law from which the foregoing extracts have been copied. Cincinnati Mutual Health Assurance Co. v. Rosenthal, 55 Ill. 85; Pierce v. The People, 106 Id. 11; Seamans v. Zimmerman, 59 N. W. Rep. 290; 91 Iowa 363; Seamans v. Temple Co., 63 N. W. Rep. (Mich.) 408.

The legislature has the power to protect our citizens against an irresponsible insurance company of another State, which, like the grass, in the morning groweth up and flourisheth, and in the evening is cut down and withereth. It is proper to require of such a company some proof of responsibility, and the appointment of an agent on whom process can be served, so that Illinoisans may not be compelled to pursue a vanishing phantom into remote parts of the United States, in a fruitless effort to enforce the payment of an insurance policy. It is proper also to prohibit any agent from taking risks for such a company, either directly or indirectly, without procuring a certificate of authority from the auditor of public accounts.

Can the violator of our laws come into our courts, with a courteous bow, and enforce a contract which has been secured in disregard of the statutory prohibition? True it is, that the contract was made in Wisconsin; but true it is also, that the property insured is in Illinois. If this contract can be enforced, successful methods of carrying on business in this State without the intervention of resident agents will be devised, and the statutory law will become a dead letter, and our citizens will become the prey of irresponsible insurance companies. "Comity between States does not require a law of one State to be executed in another when it would be against the public policy of the latter State. No State is bound to recognize or enforce contracts which are injurious to the welfare of its people, or which are in violation of its own laws." Pope v. Hanke, 155 Ill. 617.

The very question presented here has been settled by the Supreme Court of Wisconsin adversely to appellant's contention in Rose v. Kimberly & Clark Co., 62 N.W. Rep. 526, 89 Wis. 545, in which case it is held that the execution of an insurance policy in a foreign State by a foreign insurance company to insure property within the State of Wisconsin, is the transaction of business in the latter State within the meaning of a statute, which provides that, except on certain conditions, no foreign fire insurance company shall " directly or indirectly take risks or transact any business of insurance " within the State of Wisconsin. In holding that assessments on the policy holder can not be recovered where the statute has not been complied with, the court uses the following vigorous language :

" The object of this statute is so plain that it can not be mistaken. It is to protect our citizens against irresponsible and worthless foreign companies of the very kind which we have now before us. The evil to be corrected is not the writing of a policy by an unlicensed company within this State alone, but the writing of such a policy at all. Bearing in mind the object of the statute and the evil to be corrected, it is very plain that the object will be largely defeated, and the evil will flourish as before, if it be held that companies without license can establish their agencies just outside of the State line and conduct their business by mail."

The judgment is affirmed.