JAMES B. SWING, Trustee, Appellant, v. THE
CLARKSVILLE CIDER & VINEGAR COMPANY,
Respondent.

St. Louis Court of Appeals, December 13, 1898.

1. **Note or Contract**: CONSIDERATION FORBIDDEN BY LAW: VOID.
   Where a note or other contract is made in consideration of an act
   forbidden by law, it is absolutely void, and the illegality of the con-
   tract will constitute a good defense at law, as well as in equity.

2. ——: ——: FOREIGN MUTUAL FIRE INSURANCE COMPANY: EXECU-
   TORY CONTRACTS. A premium note having for its consideration a
   fire policy issued by a company of a sister state and insuring prop-
   erty in this state would be declared void, the contract being still
   executory, provided it was shown by the maker of the note that the
   company had failed to obtain the right to do business in this state.

*Appeal from the St. Louis City Circuit Court.*—HON.
JACOB KLEIN, Judge.
AFFIRMED.

W. B. HOMER for appellant.

The court erred in holding that the fact that the
Union Mutual Fire Insurance Company had not ob-
tained authority to do business in Missouri rendered
the note sued upon void. The fact that the insurance
company had failed to comply with the statutes, re-
garding the doing of business in Missouri, will not pre-
vent it or its assignee from collecting a premium note.
Ins. Co. v. Walsh, 18 Mo. 237; Clark v. Middleton, 19
Mo. 56; Union Mut. F. I. Co. v. McMillen, 24 Ohio
St. 67. The subsequent act of the legislature shows
that it was not the intention of the legislature to ren-
der these contracts absolutely void. Sess. Act of 1897,
p. 125; Georgia Penitentiary Co. v. Nelms, 65 Ga. 67;
Commonwealth v. Silvester, 13 Allen (Mass.) 247;

Alexander v. Alexandria, 5 Cranch (U. S.) 7; *In re* Livingston, 121 N. Y. 124; 23 Am. and Eng. Ency. Law, 315. Judgment in this case should have been for the plaintiff.

.PHIL. POLLACK for respondent.

Foreign insurance companies are required by our statutes to take out a license and to comply with the requirements of our insurance laws before they are permitted to do business in this state. R. S. Mo. 1889, secs. 5890, 5891, 5910, 5911 and 5916. A note given to a foreign insurance company, doing business in a state without having complied with its laws, consideration for the note being a policy of insurance, issued by the insurance company on property in that state, is void for want of consideration and no act can be maintained on it. Ins. Co. v. Smith, 19 Mo. App. 627; s. c. 73 Mo. 368; McCutcheon v. Rivers, 68 Mo. 122; Ins. Co. v. Prescott, 42 N. H. 547; Ins. Co. v. Phillips 13 Gray, 90. Writing policies on property in a state with citizens of that state and collecting premiums thereon involves doing business in the state; and the insurance company in so doing business subjects itself to the laws of the state and its contract is to be construed by those laws. Ins. Co. v. Raymond, 70 Mich. 501; Cowen v. London Ass'n Co., 19 So. Rep. 298; Daggs v. Ins. Co., 136 Mo. 382; see pages 398–399. Even if said contract had been made by mail the following cases hold that it could not be enforced. Seamans v. Zimmermann, 59 N. W. Rep. 290; Seamans v. Temple, 63 N. W. Rep. 408; Christian Bros.' Mill Co., 68 N. W. Rep. 1065. Counsel particularly calls the court's attention to case 19 Mo. App. 627, as never having been overruled, being the latest controlling decision on point 2 and in which the cases cited by appellant, 18 and 19 Mo., although cited in briefs were

ignored but not overlooked by the court in its opinion and further that the laws of 1889 are more drastic than those under acts which the 18 Mo. was decided.

BIGGS, J.—In 1887, The Union Mutual Fire Insurance Company was incorporated under the laws of the state of Ohio. As its name indicates, it was authorized to do a fire insurance business on the mutual plan. In 1888 the defendant, a Missouri corporation, insured its property in Clarksville, Missouri, in this company for the period of five years. In consideration of the policy the defendant executed and delivered to the insurance company a premium note for $300, which it agreed to pay at such times and in such sums as might be necessary to meet the liabilities of the company. The defendant paid one or two assessments on the note during the active business of the company. In December, 1890, the company, by a decree of the supreme court, of the state of Ohio, was disincorporated and enjoined from doing any further business, and the plaintiff here was appointed trustee to wind up its affairs. In order to meet the liabilities of the company, it became necessary to make additional assessments on the premium notes held by it, and in pursuance of an order of the Ohio court, the plaintiff was required to call for an assessment against all such notes. The assessment against the defendant's note amounted to $180. The present action is to recover that amount, the defendant having refused on demand to pay it. The defense to the action is, that the note was without consideration, in that the contract of insurance was void. for the reason that the insurance company failed to comply with the requirements of the statutes of the state which were conditions precedent to its right to do business in the state. The cause was submitted to the court without a jury. The

judgment was for the defendant, and the plaintiff has appealed.

There is practically no dispute as to the evidence. It is not controverted that the insurance was solicited by an agent of the insurance company in the city of St. Louis; that the application for the insurance was written by him, and forwarded by him to the insurance company at its office in the state of Ohio; that the policy was issued and sent by mail to this agent; that it was received by him and delivered to defendant, and that the property insured was situated in Missouri. It is also conceded that at no time did the insurance company comply with the conditions and requirements of the statutes of Missouri regulating and governing foreign fire insurance companies desiring to do business in this state.

The single question arising under the evidence is, whether the contract of insurance was void? If it was, then the note given in consideration of it is likewise void. The plaintiff's instructions, which the court refused, presented the negative of the question.

In support of this contention counsel for appellant relies on the decisions of the supreme court in the cases of Columbus Ins. Co. v. Walsh, 18 Mo. 229, and Clark v. Middleton, Garnishee of Insurance Company, 19 Mo. 53. In both of these cases the plaintiffs sued on premium notes given for insurance, and the defenses were, that the insurance companies were foreign corporations; that the contracts were made in this state; that the property insured was likewise in this state, and that the agents who solicited the insurance failed to comply with the then existing statutes, which required agents of insurance companies of sister states to pay a state license before attempting to solicit insurance for their companies, and providing for penalties as to the agent for failure to do so. The statute also provided that

such a company should do certain other things before attempting to do business in this state. The agent of the companies failed to take out license, and the companies also failed to comply with the further provisions of the statute. In disposing of the defense in the *Walsh* case the supreme court said: "Such failure does not make the policy void—does not disable the company to maintain an action, or render it unable to make proper defense to an action. These agencies are required to obtain a license—to pay a tax, and upon neglect or failure, the statute makes them liable to a penalty of $500; but it does not declare contracts made by them void." We have no fault to find with this decision. It was unquestionably right under the statutes of 1845. In 1869 the legislature in the act creating our insurance department (Session acts 1869, p. 60), introduced radical changes in the theretofore existing insurance statutes of the state. The law as thus enacted is substantially the same as that to be found in the present revision. (R. S. 1889). Whatever changes or amendments that have been made which are pertinent to the question under consideration will be noted hereafter.

In section 5890, article 4 of the Revised Statutes of 1889, entitled "insurance other than life," it is provided that an insurance company organized under the laws of a sister state and proposing to do business in this state, must prepare a report under oath and file it in the office of the superintendent of the insurance department, containing a full statement of its financial condition for the preceding year ending December 31.

Under section 5891, such a company is required to file in the office of said superintendent a certified copy of its charter, etc.; and by section 5912 it is required to file with said superintendent a power of attorney authorizing him to acknowledge or receive service of process, etc.

Section 5910 is as follows: "No company shall transact in this state any insurance business, unless it shall first procure from the superintendent of the insurance department of this state a certificate stating that the requirements of the insurance laws of this state have been complied with, authorizing it to do business; a copy of which certificate, certified by the superintendent, and issued only upon the request of the president or secretary, or other chief officer of the company, or of a general agent of the company for this state, notice of whose appointment has been filed in the department, shall be held by every agent or solicitor for such company doing business for such company within this state, and such copy shall, in some convenient and distinct manner, set forth the name of the person, agent or solicitor for whose use it is issued. Every such company shall be required to procure annually, for the use of its agents and solicitors, copies of the renewed certificate of authority, provided for by law."

Section 5911 provides that "No individual or association of individuals, under any style or name, shall be permitted to do the business mentioned in this chapter within the state of Missouri, unless he or they shall first fully comply with all the provisions of the laws of this state governing the business of insurance."

Section 5916 states that if an agent for such a corporation solicits business in this state without first having obtained a certificate from the superintendent of insurance authorizing him to do so, he shall be deemed guilty of a misdemeanor, &c."

Under the sections of the statute of 1869, *supra*, corresponding with those above referred to, the supreme court in effect decided (Ins. Co. v. Smith, 73 Mo. 368) that a premium note having for its consideration a fire policy issued by a company of a sister state

and insuring property in this state would be declared
void, the contract being still executory, provided it
was shown by the maker of the note that the company
had failed to obtain the right to do business in this
state. ·Under this decision alone the judgment of the·
circuit court would have to be affirmed. This decision
was rendered in 1881, and just prior to its delivery the
legislature amended the statute of 1869, by adding a
new section (R. S. 1889, sec. 5917), which provides that
if any insurance company transacts any insurance busi-
ness in this state without being authorized to do so by
the superintendent of the insurance department, it
shall be subject to a penalty of $250. Putting ıside
the other sections and also the decision in the Smith
case, *supra*, which appellant contends is not authority,
as the case hinged and was decided on a different
question, section 5917, *supra*, within itself renders all
executory contracts of insurance void, where the
insurance company has failed to comply with the
statute. In Downing v. Ringer, 7 Mo. 292, Judge
NAPTON said: "It was formerly doubted in England,
whether an agreement was void which was not expressly
made so by statute, which merely inflicted a penalty
for doing the act; but in Bartlett v. Vinor, Carth. 252
(Chitty on Contracts, 230), Lord Holt said every
contract made for or about any matter or thing which
is prohibited and made unlawful by any statute, is a
void contract, though the statute itself doth not men-
tion that it shall be so, but only inflicts a penalty on
the defaulter; because, a penalty implies a prohibition,
though there are no prohibiting words in the statute."
Judge NAPTON continuing said: "This is the estab-
lished modern doctrine, and the distinction between
*mala prohibita* and *mala in se*, is disregarded. (Chitty
on Contracts, 232.) The cases in this country are
uniform in declaring the principle that if a note or

other contract be made in consideration of an act forbidden by law, it is absolutely void, and the illegality of the contract will constitute a good defense at law, as well as in equity." These rulings of the court, when applied to section 5917, *supra*, fully answer the argument of the appellant that the statute does not in terms provide that such contracts of insurance as we have here shall be held to be void.

The judgment of the circuit court will be affirmed. All concur.