JAMES B. SWING, Trustee, Appellant, v. REGINA FLOUR MILL COMPANY, Respondent.

St. Louis Court of Appeals, December 13, 1898.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN A. TALTY, Judge.

AFFIRMED.

W. B. HOMER for appellant.

The court erred in holding that the fact that the Union Mutual Fire Insurance Company had not obtained authority to do business in Missouri rendered the note sued upon void. The fact that the insurance had failed to comply with the statutes, regarding the doing of business in Missouri, will not prevent it or its assignee from collecting a premium note. Ins. Co. v. Walsh, 18 Mo. 237; Clark v. Middleton, 19 Mo. 56; Union Mut. F. I. Co. v. McMillen, 24 Ohio St. 67; State ex rel. Boogher v. Ins. Co., 81 Mo. 89. The subsequent act of the legislature shows that it was not the intention of the legislature to render these contracts absolutely void. Session Acts of 1897, p. 125; Georgia

Penitentiary Co. v. Nelms, 65 Ga. 67; Commonwealth v. Sylvester, 13 Allen (Mass.), 247; Alexander v. Alexandria, 5 Cranch (H. S.), 7; In re Livingston, 121 N. Y. 124; Paragraph 23 Am. and Eng. Ency. Law, 315. Judgment in this case should have been for the plaintiff.

CHAS. E. WISE for respondent.

One who for a foreign insurance company solicits applications for insurance, collects premiums and delivers policies, must be regarded as the general agent of the company with full power to bind the company. R. S. 1889, sec. 5915. Schmidt v. Life Ins. Co., 2 Mo. App. 339; Bromfield v. Ins. Co., 26 Mo. App. 390; Jackson v. Ins. Co., 27 Mo. App. 62; Franklin v. Ins. Co., 42 Mo. 456. Foreign insurance companies have no natural right to do business in any other state than the one under whose laws they are incorporated and in doing business in all other states, they must conform to the requirements of their laws. Paul v. Virginia, 8 Wall. 168; Ducat v. Chicago, 10 Wall. 410; Ins. Co. v. Massachusetts, 10 Wall. 566; Leavenworth v. Booth, 15 Kan. 628; State v. Phipps, 22 Ins. Law Jour. (Kan.), p. 345; State v. Stone, 118 Mo. 388. All insurance done in Missouri is subject to the control of the state. State ex rel. v. Benefit Ass'n, 6 Mo. App. 163; State v. Stone, 118 Mo. 388. Foreign insurance companies are required by our statute to take out a certificate from the superintendent of the insurance department and comply with the requirements of our insurance laws, before they are allowed to do any business in the state. R. S. 1889, secs. 5910, 5890, 5891, and 5895. Writing policies in a state with citizens of that state and collecting premiums thereon, necessarily involves doing business in the state, and the insurance company in so doing business subjects itself to the .

laws of the state and its contract is to be construed by those laws. Ins. Co. v. Raymond, 70 Mich. 510; Cowen v. Assurance Co., 19 So. Rep. 298; Diggs v. Ins. Co., 136 Mo. 382. Our statutes do not provide that if a foreign insurance company does business in this state in violation of its provisions that its contracts shall be void; still the fact that it provides that no company shall do business, unless it complies with its requirements, of itself renders a contract made in violation thereof void. Ins. Co. v. Harvey, 11 Wis. 394; Williams v. Cheeney, 3 Gray, 215; Jones v. Smith, 3 Gray, 500; Brackett v. Hoyt, 9 Foster, 264. A note given to a foreign insurance company doing business in a state without having complied with its laws, the consideration of the note being a policy of insurance issued by the insurance company, on property in the state, is void for want of consideration. Ins. Co. v. Smith, 73 Mo. 368; s. c., 19 Mo. App. 627; Haverhill Ins. Co. v. Prescott, 42 N. H. 547. Even if this insurance company had no agent in this state and the entire contract had been made by mail, it being a contract made in fraud and violation of the law, the courts will not enforce it. Seamans v. Zimmerman, 59 N. W. Rep. 290; Seamans v. Temple, 63 N. W. Rep. 408; Seamans v. Christian Bros. Milling Co., 68 N. W. Rep. 1065; Pierce v. People, 106 Ills. 11.

BIGGS, J.—The record in this case presents substantially the same facts and the same questions for decisions as that in the case of James B. Swing, trustee, etc., v. The Clarksville Cider & Vinegar Company, No. 7331, decided by us at this term. For the reasons stated in that opinion the judgment of the circuit court will be affirmed. It is so ordered. All concur.