### James B. Swing, Trustee, v. Sligo Furnace Company.

1. INSURANCE—*when order for assessment not conclusive.* An order for an assessment upon policy holders made by the courts of one State is not conclusive upon the courts of another State in an action to enforce such order against a policy holder who was not a party to the proceeding in which the assessment was made.

2. INSURANCE—*when policy void.* An insurance contract made in a State where the company making the same was not authorized to do business, is void.

3. CONTRACTS—*prohibited by law are void.* A contract which is prohibited by law is void whether or not the act prohibiting it expressly so declares it or not.

Assumpsit. Appeal from the Circuit Court of St. Clair County; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

F. J. TECKLENBURG and PATTERSON A. REECE, for appellant.

FINKELNBERG, NAGEL & KIRBY, FORMAN & WHITNEL and A. B. SHEPLEY, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellant brought this suit, as trustee for the creditors of the Union Mutual Fire Insurance Company of Cincinnati, Ohio, a dissolved corporation, to recover certain assessments for insurance, claimed to be due that corporation from the Sligo Furnace Company, a corporation organized under the laws of the State of Missouri.

The declaration alleges that appellant was appointed trustee by the Supreme Court of Ohio, on December 18, 1890; that he qualified and is acting as such trustee, and that he brings this suit by the order of said court, made June 11, 1901; that said insurance company was a mutual fire insurance company, incorporated under the laws of Ohio, and doing business as such during the years 1888, 1889 and 1890 under the laws of the State of Ohio, pertaining to mutual insurance companies, which contain certain provisions in reference thereto, which are set out in the declaration; that appellee accepted from said insurance company, five policies of insurance, insuring the property of appellee against loss by fire and lightning, the first of which was dated October 1, 1890, and the last December 19, 1890, one of which was for the sum of $3,000 and the others for $1,000 each; that the contingent liability to assessment of appellee, as provided by said laws of Ohio, was not less than three nor more than five annual cash premiums, as written in the policy, and that by said decree of June 11, 1901, defendant's

liability to assessment on all said policies was fixed at five times the agreed annual premium; that by accepting said policies, appellee became legally and equitably liable for its just proportion of all losses and expenses incurred by said insurance company and to pay such assessments on the same, while it held said policies, as should be required by law. The declaration then set forth the general rate of assessment made by the court against policy holders, and the amount claimed by appellant to be due from appellee, according to the rates so fixed.

Appellee pleaded the general issue, the Statute of Limitations of the State of Illinois and Statute of Limitations of the State of Missouri. It also pleaded as a defense, that neither appellant nor appellee was a resident of the State of Illinois, and that the contracts of insurance were entered into in the State of Missouri; that said contracts were void and non-enforceable, and said insurance company wholly unauthorized to make contracts or do business in the State of Missouri at the time the same were made, for the reason that it had not complied with certain sections of the statute of Missouri, set up in the plea, which provided that no company should transact any insurance business in said State unless it should first comply with certain prescribed conditions.

A jury having been waived the cause was tried by the court, which found the issues in favor of appellee, and rendered judgment against appellant for costs.

The court below, as appears from its holdings upon the propositions of law submitted to it, held that the defendant, Sligo Furnace Company, by accepting and paying in cash the annual premiums for the policies in evidence, neither assumed nor incurred any contingent liability to contribute to the payment of the losses or expenses of the insurance company, and that its policies were not liable to the assessment levied for such purposes; that the validity of the policies of insurance in controversy was to be determined by the laws of the State of Missouri; that as the insurance company had never obtained a license to do business in the State of Missouri, said contracts and policies were void and unen-

forceable; that the suit was based upon the assessment made by the Supreme Court of Ohio on June 11, 1901, and therefore the Statute of Limitations did not begin to run until that date. The holding of the court below upon the question of the Statute of Limitations was in favor of appellant, the proposition of law submitted by appellee upon that subject having been, as we think, properly refused by the court. Appellee filed no cross-errors in reference to the holding upon the Statute of Limitations, however, and consequently that subject is not before us on this hearing.

Appellant in its brief states that the errors of the court below substantially resolve themselves into two propositions and that on both these questions the holding of the court below was in violation of the law of this State and of the United States Constitution.

The first proposition of appellant is that the court below should have held that the decree of assessment made by the Supreme Court of Ohio upon which this cause was founded, was conclusive upon the trial court, or that even if the decree of assessment was not conclusive upon the trial court, the statutes of Ohio, put in evidence, governed the liability of the policy holders in said insurance company, and that under such statutes appellee was liable to pay the amount assessed against it; that the insurance company was organized under the laws of Ohio, and was a mutual company, and that all persons who took out certificates of membership, made themselves amenable to the statutes of Ohio governing that corporation, which provided that "Every person who effects insurance in a mutual company, and continues to be insured and his heirs, executors, administrators and assigns, shall thereby become members of the company, during the period of insurance, shall be bound to pay for such losses and necessary expenses as accrue in and to the company in proportion to the original amount of his deposit note or contingent liability"; that the decree of the Supreme Court of Ohio, interpreting the liability of the members of the company, was conclusive upon every other court, and the trial court could not decide contrary to the finding of that decree,

Swing v. Sligo Furnace Co.

without violating section 1, article 4 of the United States Constitution, which provides that, "Full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State." Appellee gave no deposit or premium notes, so that if held under the Ohio statute, it must be upon the contingent liability.

While authorities are cited by the respective parties upon the question whether, under the constitutional provision above referred to, the liability of appellee is fixed by the decree of assessment, made by the Supreme Court of Ohio, and the statutes of that State, we are of opinion that this question is fully settled by the case of Great Western Tel. Co. v. Purdy, 162 U. S., 329. That action was brought in a district court of Iowa by the receiver of a telegraph company, a corporation of Illinois, appointed by the Circuit Court, and an assessment made upon the stockholders, among whom was Purdy, by an Illinois court. The District Court of Iowa gave judgment in favor of Purdy from which the receiver appealed to the Supreme Court of Iowa, which affirmed the judgment, upon the ground that the action was barred by the Statute of Limitations. The receiver then sued out a writ of error from the Supreme Court of the United States, assigning as error that the Supreme Court of Iowa did not give full faith and credit to the decree of assessment of the court of Illinois, as required by article 4, section 1 of the Constitution of the United States and the statute of the United States to the same effect. It is there said, "The plaintiff relied on the order of assessment, made by a court of the State of Illinois, as a judgment of that court, entitled to the effect of being conclusive evidence of the plaintiff's right to maintain this action against the defendant. The Supreme Court of the State of Iowa denied it that effect. The question whether that court thereby declined to give full faith and credit to a judicial proceeding of a court of another State, as required by the Constitution and laws of the United States, was necessarily involved in the decision. * * * The question therefore is of the effect, as against Purdy, of the order for an assessment made by the Illinois

court in a proceeding to which the corporation was a party, but to which he personally was not. The order of that court was in effect, as it was in terms, simply a 'call or assessment' upon all stockholders who had not paid for their shares in full. It was such as the directors might have made before the appointment of a receiver; and in making it the court, having by that appointment assumed the charge of the assets and affairs of the corporation, took the place and exercised the office of the directors. The order of assessment, whether made by the directors as provided in the contract of subscription, or by the court as successors in this respect of the directors, was doubtless, unless directly attacked and set aside by appropriate judicial proceedings, conclusive evidence of the necessity for making such an assessment, and to that extent bound every stockholder, without personal notice to him. But the order was not and did not purport to be, a judgment against any one. It did not undertake to determine the question whether any particular stockholder was or was not liable in any amount. It did not merge the cause of action of the company against any stockholder on his contract of subscription, nor deprive him of the right, when sued for an assessment, to rely on any defense which he might have to an action upon that contract. In this action, therefore, brought by the receiver, in the name of the company, as authorized by the order of assessment, to recover the sum supposed to be due from the defendant, he had the right to plead a release, or payment, or the Statute of Limitations, or any other defense, going to show that he was not liable upon his contract of subscription. * * * The whole effect of the order of assessment being to fix the amount which any stockholder liable under his contract of subscription should pay, and to authorize the receiver to bring suits against stockholders for the same, but not to determine whether the present defendant, or any other particular stockholder, was liable for anything, the Iowa court, by sustaining the defense of the Statute of Limitations, did not deny to the judicial proceeding of Illinois the full faith and credit to which it was entitled."

In the case before us, like the one above referred to, the judgment or assessment was not against any one in particular, but was general in its terms.    Its effect was to fix the amount of the unpaid liabilities of the company, arising between certain dates and to determine the percentage of assessment which persons holding policies between those dates should pay, there being seven different periods named in all, but whether the appellee or any other particular policy holder was liable in any amount, was not determined, and therefore the order or assessment of the Ohio court, did not deprive appellee when sued for an assessment, to rely on any defense which it might have to an action upon the contract of insurance.    This rule applies not only to the judgment or assessment of the court, but also to the statutes of the State of Ohio which are necessarily even more general in terms than the judgment or assessment.

The second proposition of appellant is that the court erred in refusing to hold as requested by appellant "that even if said policies were delivered within the State of Missouri they were not void, and since there was no violation of the laws of Illinois, in any respect concerning any of said policies, that they were enforceable in the courts of Illinois"; and in holding as requested by appellee, that the validity of the contracts or policies in question were to be determined by the laws of Missouri and as the insurance company had never obtained a license to do business in that State, its contracts and policies are void and unenforceable.

It is admitted here that the contracts of insurance in controversy were made in Missouri, and that the insurance company never complied with the laws of Missouri governing foreign insurance companies nor obtained a license to do business in that State.    The statutes of Missouri in reference to insurance, which are admitted by appellant to be set forth in the plea of appellee, provided among other things, that no company should transact, in that State, any insurance business unless it should first procure from the superintendent of the insurance department of the State, a certificate stating that the requirements of the insurance laws had been

complied with, authorizing it to do business; and also that all individuals, associations or companies should comply with certain other provisions of the statute. Appellant contends that this statute does not in terms say that policies issued within the State of Missouri by insurance companies, not licensed to do business therein, shall be void, and that consequently the court erred in holding that the contracts and policies in question were void in the State of Missouri. These various sections of the statutes, however, have been construed by the Missouri Court of Appeals in a case in which this appellant sought to recover on premium notes given for insurance obtained under the same circumstances as are disclosed by the record in this case, where it was held that such notes were wholly void. Swing, Trustee, v. Clarksville C. & V. Co., 77 Mo. App., 391; Swing, Trustee, v. Mill Co., 77 Mo. App., 398. The decisions in these cases seem to be in accord with the settled doctrine of the State of Missouri that a contract, which is prohibited by law, is void whether or not the act prohibiting it expressly declares it to be void. Sawyer v. Sanderson, 113 Mo. App., 233; State Amusement Co. v. Forest Park Co., 192 Mo., 404. To the same effect are cases of Swing, Trustee, v. Weston Lumber Co., 103 N. W. (Mich.) 816, and Swing, Trustee, v. Munson, 191 Pa. St., 582, which were cases where this appellant endeavored to enforce assessments in States where the same insurance company had failed to comply with the State laws before attempting to transact its business therein. In our own State it has been held under a law requiring agents of an insurance company, incorporated by another State, to procure a certificate of authority from the auditor of this State, before transacting business in the State, the authority for which was to be based upon certain statements concerning the company and its condition to be made by the president or secretary, and where the company had failed to comply with such law, before attempting to do business and had insured property of a person in this State, and taken his note for stock and premium, that the note was void. C. M. H. Assurance Co. v. Rosenthal, 55 Ill., 85. In Buell

v. Breeze Mill & Grain Co., 65 Ill. App., 271, this court held that a mutual fire insurance company which had not procured from the auditor of public accounts a certificate of authority to do business in this State, as required by law, could not collect assessments upon policies issued upon property in this State.    The contracts of insurance were therefore, in our opinion, void in the State of Missouri, where they were made, and being void there they cannot be enforced here in this State.

The judgment of the court below will be affirmed.

*Affirmed.*