## WINSTON-NORRIS CO. v. KING et al.

No. 15358—Opinion Filed April 20, 1926.

Opinion Withdrawn, Corrected, Refiled, and Rehearing Denied Sept. 14, 1926.

### 1. Insurance—Statutory Provisions Applicable to Contracts with Residents on Property Outside State.

Section 6665, C. S. 1921, providing that it shall be unlawful for a company to make a contract of insurance upon or relative to

any property or interests or lives in this state, or with any resident thereof, except as authorized by the laws of this state, applies to contracts of insurance made with parties residing in this state on property within or without this state.

**2. Insurance—Purpose of Statutory Regulation.**

The insurance statute of Oklahoma was enacted for the protection of the insuring public and to regulate the transacting of insurance business within this state. Section 6665, C. S. 1921.

**3. Same—Policy not Invalidated by Failure of Foreign Company to Comply with Statutes.**

The failure of a foreign insurance company to comply with a statute in order to entitle it to do business within the state, will not render a policy void and unenforceable by a resident of the state to whom the policy was issued.

**4. Same—Liability of Insurance Agents on Contracts Illegally Made—Time for Suit Governed by Policy.**

Under section 6693, C. S. 1921, providing that every agent shall be personally liable on all contracts of insurance unlawfully made by any insurance company, not authorized to do business in this state, such agent becomes liable on the policy or contract of insurance to the same extent as the company; and, to maintain an action against the agent, it is necessary that the same be commenced within the period prescribed by the policy.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Winston-Norris Company, a copartnership, against J. C. King and J. C. King Company. Judgment for defendants, and plaintiff brings error. Affirmed in part and reversed in part, and remanded.

Brett & Brett and McGown & McGown, for plaintiff in error.

Sigler & Jackson and Cruce & Potter, for defendants in error.

Opinion by JARMAN, C. The parties occupy the same position here as in the court below. The plaintiffs and the defendants are all residents of Oklahoma. The plaintiffs were engaged in a retail grocery business in Caddo, Tex., under the firm name of Winston-Norris Company, a copartnership. Winston and Norris made application in Oklahoma to the defendants for insurance on the stock of goods at Caddo, Tex., and the defendants procured four policies of in-

surance from four separate foreign insurance companies, which had never complied with the laws of Oklahoma, authorizing them to do business therein. The stock of goods was destroyed by fire and the plaintiffs commenced this action against the defendants as agents of such foreign insurance companies, on the theory that the policies or contracts of insurance issued by such companies were unlawful, and that the defendants as agents of such companies were individually liable on such contracts of insurance by virtue of section 6693, C. S. 1921, which is as follows:

"Every agent or other person shall be personally liable on all contracts of insurance unlawfully made by or through him, directly or indirectly, for or on behalf of any insurance company not authorized to do business in this state."

The trial court sustained a demurrer to the evidence of the plaintiffs, and rendered judgment for the defendants, from which the plaintiffs have appealed. The defendants contend that the insurance laws apply only to cases where the property insured is located within this state; and that since the property insured in the instant case was located in the state of Texas, there can be no liability on the part of the defendants for writing the insurance thereon.

It is conceded that the companies, which the defendants represented as agents, were foreign insurance companies, and that they were not authorized to do business in this state. It is also conceded that Winston and Norris were residents of this state. Section 6665, C. S. 1921, provides that:

"It shall be unlawful for a company to make a contract of insurance upon or relative to any property or interests or lives in this state, **or with any resident thereof,** * * * except as authorized by the laws of this state."

Section 6693 provides that every agent shall be liable on all contracts of insurance unlawfully made by or through him for or on behalf of any insurance company not authorized to do business in this state. If the foreign insurance companies in question could, under the circumstances, make a lawful contract with the plaintiffs to insure their property located in the state of Texas, then clearly the defendants would not be personally liable on the contracts of insurance under the terms and provisions of section 6693. Section 6665 is not susceptible of the construction placed thereon by the defendants. Said section not only provides that it shall be unlawful for any insurance

company, which has not complied with the laws of this state, to make any contract of insurance upon or relative to any property, interests or lives within this state, but that it shall be unlawful for such companies to make any contract of insurance with any resident of this state without complying with the laws thereof. This section is broad enough to cover cases where the property is within this state, regardless of where the owner lives, and also to include contracts made with residents of this state relative to their property, regardless of where it is located.

Defendants, in their brief, summarize their contention as follows:

"We take the position that the law of this state regulating insurance companies was made to protect property located in Oklahoma and not property located in Texas."

Defendants mistake the mission of the insurance laws—it is not to protect property, for the contract of insurance is for that purpose, but to regulate the transacting or the carrying on of the insurance business within the state.

Defendants contend that, if they are liable to the plaintiffs at all, their liability is based on the contracts of insurance, and that, under the contracts of insurance, the plaintiffs cannot maintain this action for the reason that the same was not commenced within 12 months next after the fire. In answer to this proposition, the plaintiffs contend: First, that the contracts of insurance, being prohibited by statute, are void, and, being void, neither party thereto can invoke any of the terms of such contracts in aid of his cause of action or his defense, and, therefore, the provisions of the contracts that suit thereon must be commenced within 12 months next after the fire are unenforceable and cannot be pleaded as a bar to plaintiffs' action; and, second, that the defendants' liability is not based upon the contracts of insurance, but upon their wrongful acts in violating the law by writing such unlawful contracts of insurance.

As a general rule, a contract prohibited by law is void; but, where the statute prohibiting such contract was enacted for the protection of one class of citizens from another class, the parties to such contract are not in pari delicto, and the party for whose protection the statute was enacted may enforce or recover on the prohibited contract. Latham Merc. & Com. Co. v. Harrod (Kan.) 81 Pac. 214. The insurance laws were enacted for the protection of citizens owning property in this state and citizens residing

in this state owning property elsewhere, and, therefore, the rule contended for by plaintiffs is not applicable.

"The rule governing cases in which the parties are not in pari delicto is frequently applied where the transaction is in violation of law made for the protection of one party against the other. As they are not equally guilty, the party protected may recover. A statute may declare a contract void, and still but one of the parties may be guilty of its violation. Enactments of this character are often made for the purpose of protecting one class of men from the oppression and imposition of another class of men; and in such cases the really guilty party is never allowed any relief under the statute, or permitted to set up the statute as a defense to relief sought by the other party." 6 R. C. L. 833.

"The complaining party is especially protected by law where the agreement is not illegal per se, but is merely prohibited, and the prohibition was intended for his protection, and in such cases, not being in pari delicto, he is entitled to relief. The fact that the penalty is imposed on one of the parties alone shows clearly that the law does not consider them in pari delicto." 13 C. J. 449.

This principle was adhered to in the case of Phenix Ins. Co. v. Pennsylvania Co., 134 Ind. 215, 20 L. R. A. 405, where the following language was used in the body of the opinion:

"The doctrine that a foreign insurance company, which has insured the property of a citizen for an agreed compensation, may, in case of loss, avoid payment on the ground that it has wrongfully omitted to comply with our statute upon the subject of foreign insurance companies, is so much at variance with all our preconceived notions of justice that we would not feel inclined to follow it, unless compelled by authority to do so. We think the decided weight of authority is against such a doctrine. In addition to the authorities above cited, we cite: Columbus Ins. Co. v. Walsh, 18 Mo. 229; Clark v. Middleton, 19 Mo. 55; Aetna Ins. Co. v. Harvey, 11 Wis. 394; Wheeler v. Hawkins, 116 Ind. 515.

"In our opinion, the policy of insurance mentioned in the complaint was a binding obligation, and that it might have been enforced against the appellant. The statute was intended to protect the citizens of the state, and was not intended to permit foreign corporations to escape their obligations, created by contract."

Therefore, the contracts of insurance in question were not void as to the plaintiffs who were not in delicto, and could have been enforced by them.

On the question of the basis of the liability

of the agent for writing contracts of insurance unlawfully, section 6693, supra, plainly provides that an agent shall be personally liable "on all contracts of insurance" unlawfully made by him. As above pointed out, the contract of insurance, though unlawfully made, is not void as to the insured, and all of its terms and provisions are in full force as far as he is concerned. The personal liability of the agent is predicated upon the contract of insurance, and it was the duty of the plaintiffs to have commenced their action within the time agreed to by them in the contract of insurance. The language of the court in the case of Rothschild v. Adler-Weinberger S. S. Co., 130 Fed. 866, in discussing the statute of Pennsylvania, similar to the statute here in question, is applicable, where it is said:

"That section, as we have said, is a penal one, and the particular penalty it prescribes is not open to conjecture. It is distinctly specified. It is that the offending agent 'shall be personally liable on all contracts of insurance made by or through him.' The contracts are not to be extinguished. They must continue in force, for otherwise there would be nothing of which liability on the contract could be predicated. If it was not intended that the agent would be liable precisely as if he had been a principal party to the contract, it would, we think, be difficult to perceive that any penalty whatever was designated. We need not question the correctness of the statement of the Supreme Court of Pennsylvania (McBride v. Rinard, supra), that it would be a mistake to assume 'the liability of the agent to be no higher than that of sureties or guarantors for the foreign company which had violated the law.' As was said by that court, 'the moment the agent makes a contract for a foreign insurance company which has neglected to obtain the proper authority from the Insurance Commissioner to do business in this state, that is the inception of the agent's liability on the contract, which is consummated by the loss by fire.' But the liability is 'on the contract,' and, therefore, though compliance with 'every subsequent condition imposed upon the assured' may not be requisite to establish its existence, it ceases to be enforceable upon the expiration of the period contractually limited for its enforcement. The agreement for the limitation in this case, and the reasons upon which such agreements are founded, are quite as appropriate to an action against an agent as to a suit against a company, and it is not supposable that the Legislature designed that in this regard the assured should have, as against the former, a policy more favorable to himself than that which he had been content to accept from the latter."

The plaintiffs rely upon and stress the case of Woolwine v. Mason (Tenn.) 157 S. W. 682, to sustain the contention that the defendants' liability is fixed by and is based upon the statute, and not on the contracts of insurance. The Tennessee statute provides that:

"It shall be unlawful for any company to make a contract of insurance upon or concerning any property or interests or lives in this state or with any resident thereof, * * * unless and except as authorized under the provisions of this article," and further provides that: "An agent * * * shall be personally liable on all contracts of insurance unlawfully made by or through him, directly or indirectly, for or in behalf of any insurance company not authorized to do business in this state." Section 3316.

In commenting on these provisions of the Tennessee statute, the court in the Woolwine-Mason Case, supra, used the following language:

"The provisions of the statute are directed against companies and insurance agents, not against policy holders. The act is remedial in its nature, and was designed for the protection of the public.

"The language of the act is that agents making such unlawful contracts of insurance shall be personally liable thereon; that is to say, the agent is liable as if he were the insurer—as if he individually had written the policy. There can be no question upon this record that, viewed as an insurer upon these several policies, defendants are liable to the complainant for the loss sustained."

The insurance law of Tennessee is almost identical with that of this state, and, as to contracts of insurance unlawfully made by an agent in this state, we may well adopt the language of the Tennessee court in the Woolwine-Mason Case, wherein it is said: "The agent is liable as if he were the insurer—as if he individually had written the policy"; therefore, the liability of the defendants is predicated upon the contracts of insurance, and since the plaintiffs failed to commence their action within 12 months next after the fire as provided by the terms of three of the policies, said action is barred as to such policies. As to the fourth policy, being the one executed by the Guaranty Fund & Fire Underwriters of Dallas, Tex., in the sum of $2,000, provided that suit shall be commenced within two years next after the fire, the action is not barred, since it was filed within that time.

The state of Alabama has a law that makes the agent liable to the insured independently of the terms and provisions of the contract of insurance, where such contract was unlawfully written. The contention of the plaintiffs would be well taken if

we had a statute similar to Alabama. There it is provided that:

"Any person acting as agent of any foreign insurance company, which has not received the license from the auditor above provided for, or shall so act after its expiration, is liable personally to the holder of any policy of insurance in respect to which he so acted as agent for any loss covered by it. 1 * *" Code Ala. 1886, sec. 1206.

It will be noted that the Alabama statute does not provide that the agent shall be personally liable "on all contracts of insurance unlawfully made by him." The Alabama court, in construing said statute, held that it was not necessary for the policy holder to comply with the provisions and to fulfill the conditions of the policy in order that he might enforce the personal liability of the agent. Noble v. Mitchell, 100 Ala. 519. Under the Alabama statute, it is the acting as agent in unlawfully executing a contract of insurance that constitutes the offense which is the foundation of the suit; but, in this state, the statute makes the contract of insurance the foundation and basis of the suit.

For the reasons given, the judgment of the trial court is affirmed as to plaintiffs' cause of action involving three of the policies, and reversed as to the policy issued by the Guaranty Fund & Fire Underwriters of Dallas, Texas, in the sum of $2,000, and the cause remanded for further proceedings in keeping with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 32 C. J. p. 987 § 15 (Anno). (2) 32 C. J. p. 986 § 15. (3) 32 C. J. p. 998 § 31; anno. 9 L. R. A. (N. S.) 417; 14 R. C. L. p. 866, et seq.; 5 R. C. L. Supp. p. 783. (4) 32 C. J. p. 1001 § 38; 14 R. C. L. p. 867.