**STATE ex rel. READ, Insurance Com'r,**
**v. MID-WEST MUTUAL BENEFIT CO.**

No. 27710. Nov. 30, 1937.

Mac Q. Williamson. Atty. Gen.. and Fred Hansen, Asst. Atty. Gen., for plaintiff in error.

W. N. Maben, for defendant in error.

GIBSON, J. This appeal is from a judgment of the district court of Tulsa county rendered in an action wherein the state on relation of the Insurance Commissioner sought to enjoin the defendant, the Mid-West Mutual Benefit Company, a corporation, from conducting an insurance business in Oklahoma. The parties in error are referred to herein as they appeared at the trial.

The case was submitted on the pleadings and an agreed statement of facts wherein it is shown that the defendant is a foreign mutual insurance company with its principal place of business at Tulsa in this state. It neither solicits nor sells insurance in Oklahoma, but conducts its business by mail with parties nonresident of the state, whereby such parties are solicited and policies are written at their request and delivered to them by mail out of the Tulsa office. Defendant has never qualified as a foreign insurance company to conduct its business in this state.

The question for our determination is whether defendant is conducting in Oklahoma such an insurance business within the meaning of the Constitution and statutes as would fall within the supervisory jurisdiction of the Insurance Commissioner.

Plaintiff says that, although defendant transacts no insurance business with citizens of Oklahoma, it is nevertheless transacting an insurance business here within the meaning of sections 1 and 2, article 19, of the Constitution, and the statutes relating to the regulation of foreign insurance companies.

Defendant's contention is that the Constitution and laws of the state are designed wholly for the protection of Oklahoma citizens and that the supervisory control of the Insurance Commissioner does not extend to defendant, for the reason that it neither solicits nor transacts insurance business with such citizens.

It clearly appears that the defendant is illegally conducting an insurance business within this state; and we are not unsupported in this statement by our former decisions. In Winston-Norris Co. v. King, 119 Okla. 109, 249 P. 319, this court held that the issuance of a policy by a resident agent of an unlicensed foreign insurance company to a citizen of another state constituted the transaction of insurance business here, that the same was unlawful and the policy voidable at the option of the insured. In the instant case the defendant's principal place of business is here where the policies are all written, making, we think, a clearer case of doing business in the state than if the operation were conducted through local agents.

The rule supporting our conclusion has been well stated in the case of State ex rel. Atty. Gen. v. Amazon Ins. Co., 1 Ohio Circuit Court Rep. (N. S. ) 4, as follows:

"A fire insurance company, organized under the laws of another state, that maintains an office in this state and there enters into contracts of insurance respecting property in other states, or transacts the business of insurance respecting property in other states. is engaged in this state in the transaction of the business of insurance, notwithstanding it does not enter into contracts of insurance with citizens of this state, nor insure property in the state."

There the proper state authority attempted to oust a foreign insurance company that was transacting business in a manner identical with the method adopted by defendant here. The contentions of the parties there were substantially the same as the contentions in this case, and the court held that

the defendant company should be enjoined and ousted. In answer to the defendant's contention that the laws of Ohio were enacted wholly for the protection of Ohio citizens, the court said:

"The contention of counsel for the defendant is not sound. The fair name of the state and the good of the people of the state may be injuriously affected by the manner of transacting insurance business here, although transacted solely with nonresidents of the state and wholly respecting property located outside the state."

In the case of North American Ins. Co. v. Yates, Ins. Supt. (Ill.) 73 N. E. 423, it was held that companies operating in Illinois in a like manner to the methods employed by the present defendant were transacting insurance business in that state and should be enjoined.

The Supreme Court of the United States has held "that a contract of insurance made between a mutual insurance company and a person domiciled in another state, through acceptance at the company's home office of an application received by mail. was a contract made and to be performed in the state of the company's domicile." Minnesota Commercial Men's Ass'n v. Benn, 261 U. S. 140, 67 L. Ed. 573. The situation here is analogous. Although the defendant is not an Oklahoma corporation, and its domicile, if any, as designated in its charter may be elsewhere, its principal place of business is here, and the above rule would well apply.

Section 1, art. 19, of the State Constitution, provides:

"No foreign insurance company shall be granted a license or permitted to do business in this state until it shall have complied with the laws of the state, including the deposit of such collateral or idemnity for the protection of its patrons within this state as may be prescribed by law, and shall agree to pay all such taxes and fees as may at any time be imposed by law or act of the Legislature, on foreign insurance companies, and a refusal to pay such taxes or fees shall work a forfeiture of such license."

The collateral and indemnity mentioned in that section may be wholly for the protection of local citizens, but the duty of defendant in that regard is only one of a number of obligations placed upon it by law as incident and requisite to its right to transact business here. It has not filed its articles of incorporation with the Secretary of State; neither has it received a license to do business here, nor has it appointed a local service agent.

By reason of section 22, art. 6, of the Constitution, the Insurance Commissioner, as the head of the insurance department of the state, is charged with the execution of all laws relating to insurance and insurance companies doing business in the state. His authority to maintain an action for injunction prohibiting an insurance company from illegally transacting business in Oklahoma has been recognized. State ex rel. Read, Ins. Com., v. Mid-West Mutual Burial Ass'n, 176 Okla. 468, 56 P. (2d) 124.

Section 1, art. 19, of the Constitution, supra, says that a foreign insurance company shall not be permitted to do business in the state until it shall have complied with all the laws of the state. Defendant failed in this respect. It became the duty of the Insurance Commissioner to oust it by a proper action.

In support of its contention that it transacts no business in Oklahoma, defendant cites 12 R. C. L. 78, section 53; Hart v. Livermore Foundry & Machine Co., 72 Miss. 809; Advance Lumber Co. v. Moore (Tenn.) 148 S. W. 212. These authorities appear contra to the Ohio and Illinois decisions. supra, and to the rule in this state as established by the decision in Winston-Norris Co. v. King, supra. Although the holding in the latter case was not expressed as a rule of law in specific terms, the court's decision was entirely to the effect, and necessarily so, that business of the character here considered was transacted in this state. We adhere to that holding.

The judgment of the trial court is therefore reversed and the cause remanded, with directions to enter judgment for the plaintiff.

WELCH, PHELPS, CORN, HURST, and DAVISON, JJ., concur. OSBORN, C. J., BAYLESS, V. C. J., and RILEY, J., absent.