1999 OK CIV APP 101

**Terry THOMPSON, Plaintiff/Appellant,**

v.

**SIGHT 'N SOUND APPLIANCE CENTERS, INC., f/k/a House of Sight And Sound, Inc., d/b/a Sight And Sound, d/b/a Cost Warehouse, Defendant/Appellee.**

**No. 91,723.**

Court of Civil Appeals of Oklahoma, Division No. 1.

July 9, 1999.

Certiorari Denied Oct. 13, 1999.

Justin LaMunyon, Faulkner Law Firm, Enid, Oklahoma, For Plaintiff/Appellant,

Craig L. Box, Julia C. Rieman, Gungoll, Jackson, Collins & Box, P.C., Enid, Oklahoma, For Defendant/Appellee.

OPINION

ADAMS, Judge:

¶ 1 Terry Thompson seeks reversal of a trial court order granting summary judgment to Sight 'n Sound Appliance Center, Inc. (SSAC) on Thompson's claim against SSAC for noncompliance with the Service

Warranty Insurance Act, 36 O.S.Supp.1993 § 6601 *et seq.* (the Act). SSAC filed a motion for summary judgment, attaching evidentiary materials to support its argument, *inter alia,* that Thompson has not been damaged by any alleged violation of the Act and therefore she has no right to bring a cause of action under the terms of the Act. The trial court agreed with SSAC's argument, sustained its motion, and dismissed Thompson's claim with prejudice. Thompson then filed this appeal.

¶ 2 In reviewing that order, we must examine the pleadings, depositions, affidavits and other evidentiary materials submitted by the parties and affirm if there is no genuine issue as to any material fact and SSAC is entitled to judgment as a matter of law. *Perry v. Green,* 1970 OK 70, 468 P.2d 483. All inferences and conclusions to be drawn from the evidentiary materials must be viewed in a light most favorable to Thompson. *Ross v. City of Shawnee,* 1984 OK 13, 683 P.2d 535. We are limited to the issues actually presented below, as reflected by the record which was before the trial court rather than on one that could have been assembled. *Frey v. Independence Fire and Casualty Co.,* 1985 OK 25, 698 P.2d 17.

¶ 3 SSAC argues in its summary judgment motion that Thompson has not been "damaged" as that term is used by the Act, specifically 36 O.S.Supp.1993 § 6631(A), which provides that:

> Any person *damaged by a violation of the provisions of the Service Warranty Insurance Act* may bring a civil action against a person violating such provisions in the district court of the county in which the alleged violator resides or has his principal place of business or in the county in which the alleged violation occurred. Upon adverse adjudication, the defendant shall be liable for actual damages or Five Hundred Dollars ($500.00) whichever is greater, together with court costs and reasonable attorney's fees incurred by the plaintiff. (Emphasis added.)

The evidentiary materials attached to SSAC's motion established that Thompson has had no problems with the air conditioner she purchased from SSAC and that she has never made a claim against the 4–year service warranty contract she purchased for that appliance. Thompson does not controvert these facts.

¶ 4 Because the one of the purposes of the Act is to protect insureds from the risk of insolvency of the insurer, Thompson argues in her response to SSAC's motion that she has been "financially damaged" because she spent money on something that *should not have been sold.* She contends that SSAC's alleged violations of the Act, *i.e.,* failure to obtain a license, to register sales representatives, *etc.,* places the "risk of insolvency" on her and constitutes an invasion of a legally protected right entitling her to the statutory damages under § 6631.

¶ 5 Thompson never identifies what legally protected right has been invaded by her having to assume a risk present in any contract, *i.e.,* the other party will not be able to perform. Thompson has provided no authority recognizing any such "damage" as recoverable. Moreover, the evidentiary material indicates Thompson entertains no concern that SSAC will not live up to its obligations under the contract.

¶ 6 Thompson also argues the contract was illegal, and that she has therefore been damaged by the premiums she paid for a void contract. We find no language in the Act which suggests the Legislature intended that noncompliance with the Act renders a service warranty contract "void." To the contrary, the Court in *Winston–Norris Co. v. King,* 119 Okl. 109, 249 P. 319 (1926), determined that the failure of a foreign insurance company to comply with a statute entitling it to do business within the state *does not render a policy void and unenforceable* by an Oklahoma resident to whom the policy was issued, and we can find no reason why SSAC's alleged noncompliance with the Act should be treated differently.

¶ 7 The Alabama cases Thompson cites for authority that it is irrelevant whether a claim has been made under the warranty, even if we were to adopt them, are distinguishable on the precise issue before us. Although the insurers in those cases argued "no claims" had ever been made against any

of the insurance policies, the Alabama courts' decisions—that the "premium" paid for fire insurance and "the additional premium on the new cancer policy misrepresented as providing additional coverage" would be considered "damage" to the insureds—were based on the common fact that the insureds had been persuaded, by fraud, to pay for something they had never received.

¶ 8 The facts shown by the evidentiary materials submitted to the trial court, together with all reasonable inferences from those facts, are consistent only with judgment for SSAC. The trial court's judgment is affirmed.

AFFIRMED

HANSEN, P.J., and JONES, C.J., concur.