## The United Lead Company
### *v.*
## The J. W. Reedy Elevator Manufacturing Company.

*Opinion filed June 14, 1906—Rehearing denied October 10, 1906.*

Foreign corporations—*an action cannot be maintained on contract made before corporation has complied with law.* A contract made by a foreign corporation which has not complied with the statute so as to authorize it to transact business in this State is void, and no action can be maintained thereon at any time, even though the corporation subsequently qualifies itself to transact business in this State by complying with the law.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. Charles M. Walker, Judge, presiding.

The Appellate Court for the First District affirmed the judgment of the circuit court of Cook county, which was in favor of appellee, in a suit in assumpsit brought in the latter court by appellant against appellee. A certificate of importance having been obtained, the cause is brought here by further appeal. The following statement of the facts is that of the Appellate Court:

"September 8, 1904, appellant, a New Jersey corporation, doing business in the State of Illinois, brought suit for goods sold and delivered, against appellee. On December 7, 1904, appellee moved to dismiss upon the ground that appellant, at the time of bringing suit and when the motion was made, was and is a foreign corporation doing business in Illinois, and had not filed with the Secretary of State its articles or certificate of incorporation and was not authorized to do business in Illinois. This motion was supported by an affidavit. Upon the hearing on this motion it was denied and appellee was given leave to file pleas instanter. In obedience to this order appellee filed the general issue and a special plea, which is, in substance, as follows:

" 'And for a further plea, by leave of court, defendant says that plaintiff is organized for profit, is not a railroad or telegraph company, nor in the insurance, banking or money loaning business; that the merchandise for which suit is brought was sold to defendant and by it bought within the State of Illinois since January 1, 1902; plaintiff had not at the commencement of this suit, as by the statute provided, filed with the Secretary of State its articles or certificate of incorporation, statement of capital stock represented in Illinois, nor designated officer on whom service could be had; nor had the Secretary of State, at commencement of suit, issued certificate entitling plaintiff to do business in Illinois as provided by statute; nor had plaintiff, prior to or at the commencement of suit, been licensed to do business in Illinois as by statute provided; plaintiff at the time of commencement of suit had no certificate of authority, nor had any ever been issued to it, to do business in Illinois as provided by the statutes of said State. Wherefore, by force of the statute in such case made and provided, the plaintiff cannot maintain its aforesaid action. And this defendant is ready to verify. Therefore, it prays judgment if plaintiff ought to have its aforesaid action against it,' etc.

"Appellee filed a *similiter* to the general issue and demurred to the special plea. The court overruled the demurrer. Appellant elected to stand by the demurrer. Thereupon the court ordered, 'therefore it is considered by the court that defendant go hence without day and that plaintiff takes nothing by the aforesaid action,' and entered a judgment for costs against appellant. The case is brought to this court by appeal.

"Appellant assigns as error the action of the trial court in overruling its demurrer and entering judgment in bar of its cause of action."

Charles H. Blatchford, (Ralph M. Shaw, of counsel,) for appellant.

ALBERT N. & EDWARD P. EASTMAN, for appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

Section 67*b* of chapter 32, Hurd's Revised Statutes of 1903, provides that no foreign corporation organized for pecuniary profit shall be authorized or permitted to transact business in this State, or to continue business herein if already established, until it shall designate some person as its agent or representative in this State on whom service of legal process may be had.

Section 67*d* of the same chapter provides a punishment for any neglect or failure to comply with the act, and contains this further language: "In addition to which penalty, on and after the going into effect of this act no foreign corporation, as above defined, which shall fail to comply with this act, can maintain any suit, or action, either legal or equitable, in any of the courts of this State upon any demand, whether arising out of contract or tort."

The two sections referred to are parts of an act which became effective on July 1, 1899. (Laws of 1899, p. 118.)

According to the averments of this plea, appellant transacted the business in question in this State at a time when it was forbidden by our laws so to do, and it was not permitted by our laws to maintain any suit, either legal or equitable, in any of the courts of this State when this suit was instituted. Appellant's contention is, that its right to bring this action is not barred by these statutes; that they merely abate this suit, leaving to the foreign corporation the right to maintain its action if it shall hereafter qualify to transact business in this State.

In the case of *Cincinnati Mutual Health Assurance Co.* v. *Rosenthal,* 55 Ill. 85, a similar question arose, the foreign corporation there being an insurance company which had brought suit in this State upon a note given to it for stock in the corporation and for premium on a policy of insurance.

It appeared that the contract in pursuance of which the note was given was entered into and the note executed and delivered in this State when the plaintiff was not authorized to transact business in this State, for the reason that it had not complied with the laws of the State in reference to foreign insurance companies. Its lack of authority to conduct its affairs in this State was interposed in bar of the action, and the court, after pointing out that the statute expressly prohibited such a company from effecting insurance or transacting business in this State until after it should have complied with the statute in reference thereto, used this language: "When the legislature prohibits an act or declares that it shall be unlawful to perform it, every rule of interpretation must say that the legislature intended to interpose its power to prevent the act, and, as one of the means of its prevention, that the courts shall hold it void. This is as manifest as if the statute had declared that it should be void."

This case has been cited with approval on a similar proposition in *Penn* v. *Bornman,* 102 Ill. 523, and *Illinois State Trust Co.* v. *St. Louis, Iron Mountain and Southern Railway Co.* 208 id. 419.

The contract upon which this suit was brought having been entered into in this State when appellant was not permitted to transact business in this State, is in violation of the plain provisions of the statute, and is therefore null and void, and no action can be maintained thereon at any time, even if the corporation should at some time after the making of the contract qualify itself to transact business in this State by a compliance with our laws in reference to foreign corporations that desire to engage in business here.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*