Tennessee Packing and Provision Company, Appellant, v. John J. Fitzgerald et al., Appellees.

Gen. No. 13,909.

1. ACCOUNTING—*when equity will not grant relief by.* Equity will not take jurisdiction and award an accounting where an action at law will afford ample relief, as where it appears that the amount claimed as due arose by virtue of the consignment of merchandise, and it does not appear by facts averred that the account in question is peculiarly intricate.

2. ACCOUNTING—*upon what jurisdiction of equity depends.* In matters of accounting the jurisdiction of equity depends upon the discovery sought; the discovery must be essential to the attainment of justice in order that equity have jurisdiction.

3. TRUSTS—*what not within equitable cognizance.* Cases of mere bailments, as for instance the delivery of merchandise to a factor to sell and remit, are not within the peculiar cognizance of equity.

4. FOREIGN CORPORATIONS—*when may not maintain action in this state.* Foreign corporations which have not complied with the license requirements of this state cannot maintain civil actions in this state. If the suit is upon a contract, it is immaterial in what state such contract was made.

5. PLEADING—*when question of failure of foreign corporation to comply with license requirements may be raised by demurrer.* The fact of noncompliance affirmatively appearing upon the face of the bill, the question may be raised by demurrer.

Bill for accounting. Appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed April 3, 1908.

Statement by the Court. Appellant, the Tennessee Packing & Provision Company, filed its bill in the Circuit Court against appellees, co-partners doing business under the firm name of Fitzgerald Bros., for an accounting. A demurrer was sustained to the bill. Thereupon appellant filed its amended bill to which appellees demurred and the demurrer was sustained. Appellant elected to stand by its bill of complaint, and the court dismissed the bill.

The amended bill of complaint alleges that complainant is a corporation organized under the laws of the state of Tennessee; that it was authorized and empowered to conduct a general packing house business; that "at the times hereinafter mentioned (it) was not a resident of the state of Illinois and did not maintain a place of business within the state of Illinois for the purpose of transacting business or exercising its corporate powers or franchises; that its principal place of business is in the city of Nashville in the state of Tennessee;" that defendants were engaged in and carried on a general commission merchants' and selling agents' business in the city of Chicago; that prior to June 3, 1906, the appellees at the city of Nashville entered into an agreement with appellant whereby it was agreed that appellant should from time to time consign to appellees, at Chicago, packing house products to be there sold in the regular course of business, collect the money for the products sold and remit the same to appellant, less their reasonable commissions and charges; that in accordance with said agreement appellant on June 13, 1906, consigned to appellees certain packing house products, describing them, of the value of $1,200 and upwards, and said products were delivered to appellees; that said products were by appellees sold in the regular course of business and delivered to divers per-

432    APPELLATE COURTS OF ILLINOIS.

VOL. 140.]    Tenn. Packing & Provision Co. v. Fitzgerald.

sons, firms, and corporations unknown to appellant; and that appellant has no means of ascertaining the names of the persons, firms and corporations to whom appellees sold said goods or any part thereof.

That under the terms of said agreement it was the duty of the appellees to account to appellant for said products and pay over the moneys collected in payment therefor, after deducting their commissions and charges; that appellant has frequently requested appellees to render an accounting, but they have failed and refused to comply with its requests; that said account is intricate and consists of a large number of items, and that appellant has no means of ascertaining or determining for what sums appellees sold said products, or what moneys had been collected and received in payment therefor.

The bill prays for a discovery and an accounting and a decree for the amount found due and owing to appellant.

LOUIS T. ORR, for appellant; WILLIAM E. CLOYES, of counsel.

P. SHELLY O'RYAN, for appellees; D. RYAN TWOMEY, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

The special demurrer filed to the amended bill presents two grounds in substance: first, that appellant has an adequate remedy at law; and second, that it appears from the bill that appellant is a foreign corporation, and fails to show that it has been authorized to transact business in this state or that it has complied with the statute requiring foreign corporations doing business in this state to have a public office in this state, etc.

It appears from the bill, we think, that the recovery here sought is of a purely legal demand, for which, if appellees are liable at all, the recovery could be had

in an appropriate action at law. If appellees have sold the goods consigned to them by appellant, and have not accounted for them to appellant, as alleged in the bill, an action at law could be maintained for the amount due to appellant. The bill shows that only one consignment was made to appellees, and although it is averred in the bill that the account is intricate, facts are not averred which support this conclusion of the pleader, and no reason is perceived in the nature of the transaction why a court of law is not competent to afford an adequate and ample remedy for enforcing the personal liability of appellees for their alleged failure to account for and pay over the proceeds of the property according to their contract. "In actions cognizable at law the mere fact that an accounting is necessary, even where there are cross-accounts, is insufficient to give a court of equity jurisdiction (Hadley v. Morrison, 39 Ill. 392), 'the general rule being that a proper case is presented when the remedies at law are inadequate.' Pomeroy's Eq. 177, 178, 1420, 1421; Storey's Eq. Jur. 458, 459." County of Cook v. Davis, 143 Ill. 151.

It is insisted, however, that the bill shows, and the demurrer admits, that a fiduciary relation existed between appellant and appellees which in itself imposed a duty upon appellees to render an accounting, and that there was, moreover, an agreement to account, and that this, in connection with the other facts alleged, calling for a discovery, makes a case for a court of equity.

A sufficient answer to this contention is that as the equity jurisdiction depends upon the discovery sought, the bill must be so framed as to require it. The bill must show by apt allegations that the facts sought to be discovered are material to sustain complainant's cause of action, and that such facts are incapable of proof in a court of law, and can only be established by discovery from the defendant. In other words, the bill must show the discovery to be indispensable to the attainment of justice. County of Cook v. Davis, *supra.*

434    APPELLATE COURTS OF ILLINOIS.

VOL. 140.]    Tenn. Packing & Provision Co. v. Fitzgerald.

The bill fails to show this, and, in our opinion, the demurrer was properly sustained on this ground.

The fiduciary relation set out in the bill does not fall within any recognized class of trusts over which equity takes jurisdiction. As said in Taylor v. Turner, 87 Ill. 296, at page 302: "It seems to us to be a simple case of the bailment of property to a factor to sell, and his refusal to pay over the proceeds of the sale to the owner of the property, and we know not why the legal remedy of an action for money had and received is not ample. If, by the allegation that the property was received upon a trust, the case may be brought within the jurisdiction of a court of chancery, we do not see why it might not be the same in every case of the bailment of personal property." And again in Weer v. Grand, 88 Ill. 490, the court said: "Where one person employs another as an agent, loans money or sells property on credit, a confidence and trust is reposed to a greater or less extent, and yet such transactions have never been regarded by courts as falling within any recognized class of trusts."

The other ground of demurrer is that appellant is a foreign corporation for pecuniary profit, and that it has not complied with the statute regulating the admission of such corporations to do business in this state. If, under the averments of the bill, this question is properly raised by demurrer, appellant cannot maintain the bill.

Appellant contends that while the statute is not expressly limited, by its terms, to actions brought on contracts made within this state, it was the intention of the legislature to so limit the act.

There are two answers to this contention. First, no such intention is to be gathered from the statute; and it has been applied to contracts made out of the state and a suit brought thereon in this state by a foreign corporation. J. Walter Thompson Co. v. Whitehead, 185 Ill. 454. Second, the business transacted by appellant, as shown by the bill, was done in this state,

although the contract, under which it was done, was made in Tennessee. It is immaterial where the contract was made.

It is further contended by counsel for appellant that appellees cannot take advantage of the fact that appellant is a foreign corporation doing business in this state by demurrer, but should set up the facts by answer or plea as a matter of defense.

The bill, after averring that appellant is a Tennessee corporation, and the business which it is authorized to conduct, alleges that it ''at the times hereinafter mentioned was not a resident of the State of Illinois and did not maintain a place of business within the State of Illinois for the purpose of transacting business or exercising its corporate powers or franchises.'' These averments of the bill are sufficient, we think, to show affirmatively that appellant had not complied with the statute entitling it to do business within this state, and giving it a standing to ''maintain any suit or action, either legal or equitable, in any of the courts of this state upon any demand, whether arising out of contract or tort.'' We can see no reason why the same matter, which appears on the face of the bill, should again be stated or averred as a matter of defense in an answer or plea. It is sufficient if it appears in the bill; and where it so appears the same advantage may be taken of it by demurrer to the bill, which raises a question of law, as if the facts were first stated in an answer or plea, and an issue of law raised thereon. The demurrer was properly sustained, we think, on this ground. The United Lead Co. v. Elevator Manf. Co., 222 Ill. 199; J. Walter Thompson Co. v. Whitehead, *supra;* Union Cloak & Suit Co. v. Carpenter, 102 Ill. App. 339.

The decree is affirmed.

*Affirmed.*