CHICAGO—FIRST DISTRICT—FEBRUARY, 1910.    467

The U. S. Gypsum Co. v. Central Ry. E. Co., 152 Ill. App. 467.

The United States Gypsum Company, Appellee, v. Central Railway Equipment Company, Appellant.

Gen. No. 15,726.

1. CONTRACTS—*when guaranty void.* A contract guaranteeing the full performance of a contract entered into by an unlicensed foreign corporation in this state exercising corporate powers in violation of law, is void.

2. CORPORATIONS—*when foreign cannot maintain action in this state.* A foreign corporation is without power to sue in this state or to maintain an action in this state not merely defensive in character but by which it seeks to obtain affirmative relief.

Bill for injunction. Appeal from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the October term, 1909. Reversed. Opinion filed December 23, 1909. Petition for rehearing withdrawn February 14, 1910.

ISRAEL SHRIMSKI, for appellant.

SCOTT, BANCROFT & STEPHENS, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from an interlocutory order granting an injunction restraining appellant, an Illinois corporation, from prosecuting a suit at law pending in the Municipal Court of Chicago. That suit was brought by appellant against appellee upon a guaranty as follows:

"January 9, 1907.

SIPP RAILWAY EQUIPMENT COMPANY,
    Chicago, Illinois;
GENTLEMEN:—

In consideration of your entering into a contract with the Erie & Michigan Railway Navigation Co. (evidenced by their proposition of December 22nd and accepted by you) and your performing your part of it, we hereby guaranty in each and every particular

468 APPELLATE COURTS OF ILLINOIS.

The U. S. Gypsum Co. v. Central Ry. E. Co., 152 Ill. App. 467.

the faithful performance of the contract by the Erie & Michigan Railway & Navigation Co.

Yours very truly,

UNITED STATES GYPSUM CO.,

S. L. AVERY, Pres."

The proposition and acceptance referred to in the above guaranty constituted the alleged lease which was under our consideration in Erie & Michigan Railway & Navigation Co. v. Central Railway Equipment Co., Gen. No. 15725, *ante,* p. 278, with which the present appeal was consolidated for argument. It appears from the bill in the case at bar that at the time of the execution of the lease and the above quoted guaranty, appellee was a New Jersey corporation, licensed to transact business in Illinois, and was a large stockholder in said Erie & Michigan Railway & Navigation Co., which was a Michigan corporation not then licensed to do business in this state.

Appellee seeks to restrain the prosecution of the suit at law brought by appellant on said guaranty, and bases its claim to relief upon substantially the same grounds set forth in the bill of the Erie & Michigan Railway & Navigation Company v. Central Railway Equipment Co., *supra.* The Circuit Court granted an injunction restraining appellant from further prosecuting its action against appellee in the Municipal Court. From that interlocutory order this appeal is prosecuted.

The lease which appellee guaranteed by the instrument upon which it has been sued in the Municipal Court, was a contract entered into by the Erie Company in violation of law. See Erie & M. R. & N. Co. v. Central Ry. Equip. Co., *supra.* At the time the contract was executed by the Erie Company as lessee thereunder, said company had not complied with the foreign corporation Act of 1905, and could not exercise any corporate powers in this state. It could not then and cannot now maintain any suit, legal or equitable, upon such contract. By the instrument now in

question appellee guaranteed "in each and every particular" the faithful performance of that contract by the Erie & Michigan Railway & Navigation Company, lessee thereunder. Appellee undertook therefore to guarantee the full performance of a contract entered into by an unlicensed foreign corporation in this state exercising corporate powers in violation of law. It appears the performance of the contract or lease on the part of the Erie Company was by the terms of the lease to be in this state, where appellant, an Illinois corporation, is situated. The offices of the said foreign corporation at the time the lease was executed were in this state, as appears from evidence submitted, and it was transacting a large part of its business here without license so to do. The delivery of the cars mentioned in the lease was to be made in this state and they were to be re-delivered to the lessor in this state at the expiration of the lease. The payments of rent under the lease were to be made here. It thus appears that the guaranty in question secured the performance "in every particular" of a contract which was not only executed here in the exercise of corporate powers forbidden by law to an unlicensed foreign corporation, but which by its terms required further exercise of such powers in this state by the same corporation. Such a guaranty for such a purpose was we think a violation of law and in contravention of the public policy of the state.

Appellee by its bill under consideration seeks affirmative relief. The bill is not merely defensive. It seeks on alleged equitable grounds to avoid its own guaranty of a contract, the execution of which by the lessee was void. United Lead Co. v. Reedy Elevator Mfg. Co., 222 Ill. 199-202. The effect of the guaranty by appellee was to secure the performance of a void contract, and so enable the Erie Company to do indirectly what it could not do for itself. We held in the other case (Erie & M. Ry. & Nav. Co. v. Central Ry. Equip. Co., *supra*) that the Erie Company can-

not maintain in this state its bill in equity to restrain the prosecution of a suit at law brought to enforce the lease. Neither can appellee maintain its bill upon a guaranty given to secure the performance of the same lease; a contract which was "in violation of the plain provisions of the statute and is therefore null and void, and no action can be maintained thereon at any time." United Lead Co. v. Reedy Elevator Mfg. Co., *supra*.

The injunction order appealed from must therefore be reversed.

*Order reversed.*