Oil, Paint & Drug Publishing Company, Appellee, v. Edmund H. Stroud, Appellant.

Gen. No. 15,040.

1. CORPORATIONS—*when foreign doing business in this state contrary to statute.* Held, upon the facts alleged in the defendant's plea admitted by the plaintiff's demurrer that the plaintiff corporation could not legally begin or maintain this action whether the contract sued on was made in this State or elsewhere, because such plaintiff, a foreign corporation, was doing business in this State without having complied with the statute.

2. CORPORATIONS—*effect of act of 1905 upon status of foreign corporations doing business in this state contrary to provisions of previous act.* If under the statutes in force when the action is commenced the plaintiff could not legally institute or maintain the same, the subsequent repeal of such statute without a saving clause does not improve or change the status of such plaintiff.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and remanded. Opinion filed June 3, 1910.

**Statement by the Court.** This action in assumpsit to recover a balance claimed to be due for advertising ordered by appellant and inserted by appellee in its publication, known as The Oil, Paint & Drug Reporter, comes to this court on appeal from a judgment of the Superior Court. Appellee, Oil, Paint & Drug Publishing Company, sues as a corporation, organized and existing under the laws of the State of New Jersey. Appellant is in the machinery business in Chicago, Illinois.

The declaration consists of the common counts. The pleas filed by the defendant were the general issue, and two amended special pleas, the first of which alleging, that the plaintiff is a foreign corporation, organized for pecuniary profit; that it is not a telegraph company, nor an insurance, banking or loan company; that at the time of entering into the contract sued on, and ever since then, it was and has been transacting business in Illinois; that the plaintiff had not, at the time of the commencement of this suit, nor has it since, filed in the office of the Secretary of State of the State of Illinois a copy of its charter or articles of incorporation, nor a statement of the capital stock represented in the State of Illinois nor a statement showing the name and address of its agent in this State, nor has it paid into the office of said Secretary of State upon the portion of its capital represented in this State taxes equal to those required of similar corporations formed within this State, or any fees; that plaintiff had and maintained an office or place of business in the city of Chicago, State of Illinois, and had an agent to act on its behalf thereabouts, and that plaintiff was so transacting business in the State of Illinois without complying with the provisions of the statute of Illinois.

The second special plea is more general in character, but it avers that the plaintiff did business in this State at the time of the making of the contract with the defendant, and

that it wholly failed and neglected to comply with the statute of this State in relation to foreign corporations doing business in this State. It avers failure of the plaintiff to designate some person as agent or representative in this State on whom legal service of process might be had, and its failure and neglect to file in the office of the Secretary of State of Illinois a copy of its charter or articles of incorporation, or a copy of its certificate of incorporation, or a statement, duly sworn to, of the portion of its capital stock which was represented in Illinois, and its failure to pay to the Secretary of State the fees required by law.

To these special pleas a general and special demurrer was sustained by the court, and the defendant elected to stand by his amended pleas. On the trial a judgment was entered against the defendant.

CRATTY BROS. & JARVIS, for appellant.

FERGUSON & GOODNOW, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The error relied upon by the appellant for reversal is the sustaining of the demurrer to the special pleas.

In our opinion the pleas allege facts which, if true, constitute a complete bar to the action. The action was commenced March 10, 1904. The pleas allege the facts existing at that time in relation to the non-compliance by the plaintiff with the provisions of the statute then in force. The demurrer admitted the facts to be true. Upon the facts so alleged and admitted the plaintiff could not legally begin or maintain the action, whether the contract sued on was made in this State or elsewhere, because the plaintiff, a foreign corporation, was doing business in this State without having complied with the statute. United Lead Co. v. Reedy Elevator Co., 124 Ill. App. 174, and authorities there cited; *Same* v. *Same,* 222 Ill. 199; Tenn. Packing & P. Co. v. Fitzgerald, 140 Ill. App. 430; J. Walter Thompson Co. v. Whitehed, 185 Ill. 454; Supreme Order Iron Hall v. Grigsby, 178 *id.* 57;

Swing v. Thomas, 120 Ill. App. 235; Buell, Receiver, v. Breese Mill & Grain Co., 65 Ill. App. 271; Pope v. Hanke, 155 Ill. 617.

The only ground urged in argument in support of the demurrer is that the act upon which the pleas are based was repealed by the act in force July 1, 1905, without any saving clause, and that this took from the pleas all their legal foundation.

This contention is without merit, in our opinion. Under the statutes in force when this action was commenced, the plaintiff could not legally institute or maintain the action under the facts admitted by the demurrer. The subsequent repeal of the statute by the act of 1905 (if that act repealed it) did not affect this action.

For the error indicated in sustaining the demurrer to the amended special pleas the judgment is reversed and the cause is remanded.

*Reversed and remanded.*