## Courier-Journal Job Printing Company, Defendant in Error, v. Benjamin N. Anderson et al., Plaintiffs in Error.

### Gen. No. 15,342.

CORPORATIONS—*when failure to comply with statute regulating admission of foreign corporations does not constitute defense.* If a foreign corporation is doing business in this state contrary to statute, an undisclosed principal is not thereby precluded from maintaining an action upon a transaction effected by such foreign corporation acting as agent.

Error to Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1909. Reversed and judgment here. Opinion filed December 1, 1910. Rehearing denied December 15, 1910.

**Statement by the Court.** This writ of error brings before us for review a judgment for $865 recovered against plaintiffs in error by defendant in error in an action of the fourth class in the Municipal Court. The statement of claim in the *praecipe* is as follows: "Plaintiff's claim is for goods, wares and merchandise sold and delivered to defendants by Insurance Field Company." With the *praecipe* was filed the affidavit of an officer of the plaintiff stating that the Insurance Field had sold and transferred its right to the account sued on to the plaintiff. Plaintiffs in error entered their appearance and afterwards moved to dismiss the suit. With the motion was filed an affidavit of one of the defendants, which stated that the cause of action sued on grew out of a contract between the Inland Fire Insurance Company, a corporation, and The Insurance Field, assignor of the plaintiff; that said Insurance Field was a foreign corporation for profit, organized under the laws of Kentucky, and at the time when said contract was made maintained an office in Illinois and transacted business and exercised its corporate powers and franchises there, without having complied with the provisions of the Act entitled an

"Act to regulate the admission of foreign corporations for profit to do business in the State of Illinois," and that it had no certificate from the Secretary of State of Illinois authorizing it to do business in Illinois, etc. The motion to dismiss was denied and the cause submitted to the court.

The goods for the price of which plaintiff recovered were sold by the Insurance Field between September, 1907, and February, 1908. Said Insurance Field was a corporation for profit organized under the laws of Kentucky, and during the time above mentioned and for a long time theretofore had maintained an office in Illinois and done business there. It had not complied with the Act relating to foreign corporations for profit doing business in Illinois, and had no certificate from the Secretary of State authorizing it to do business here.

GORHAM & WALES, for plaintiffs in error.

HENRY S. McAULEY and THOMAS M. HEADEN, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

We do not think that the right to maintain this action is to be determined on the affidavit filed with the motion to dismiss, treated as a special plea, but on the facts of the case as shown by the evidence.

The action is to recover the price of goods sold and delivered by the Insurance Field, a foreign corporation for profit, which, when said sales were made, maintained an office in this State and did business here without complying with the provisions of the statute regulating the admission of foreign corporations to do business in Illinois. Hurd's Ed. R. S. sec. 67 b, *et seq.*, chap. 32. If said foreign corporation sold said goods for itself, and not as agent for the plaintiff, it could not maintain an action for their price. United Lead Co. v. Reedy Co., 222 Ill. 199.

Defendant in error contends that the Insurance Field sold the goods in question as the agent for the plaintiff; that the plaintiff was the undisclosed principal of the seller and therefore can maintain this action for their price, although the Insurance Field could not.

We do not think that the general rule that an undisclosed principal who assumes a contract made by his agent takes it subject to all the attendant just counter claims and defenses of the other contracting party, embraces a right in such other party to interpose as a defense the fact that the agent was not authorized to do business in this State. Ilsley v. Merriam, 7 Cush. 242. But we think that the evidence wholly fails to show that the Insurance Field sold the goods in question as the agent of the plaintiff. The contention that the Insurance Field sold the goods in question as the agent of the plaintiff is based on the provisions of a contract in writing between said parties which was in force at the time the goods were sold. By that contract the Field Company agrees that the plaintiff company shall do all of its printing, etc.; that the plaintiff shall have the right to solicit printing, etc., and to use the name, good will, etc., of the Insurance Field; that the Insurance Field shall in such business have no interest except a commission of 2½ per cent, to be paid to it by the plaintiff. The only obligation of the Insurance Field to the plaintiff imposed by the contract in respect to business done by the former company, was to have all of its printing done by the plaintiff. The plaintiff did not sell the goods in question. They were sold by the Insurance Field, and as that company could not maintain an action in the courts of this State for their price, the plaintiff cannot.

The judgment will be reversed with judgment here for the defendant and for the costs in this court and in the Municipal Court.

*Reversed and judgment here for the defendant.*