Central Investment Company, Defendant in Error, v. Jessie Melick, Administratrix, Plaintiff in Error.

## Gen. No. 15,408.

1. APPEALS AND ERRORS—*effect of insufficient abstract.* If the abstract filed on appeal is incomplete and not in compliance with the rules a *pro forma* affirmance will be ordered.

2. CORPORATIONS—*how purpose of organization must be established.* The purpose for which a corporation is organized must be established by the introduction of a certified copy of its articles of incorporation.

3. FOREIGN CORPORATIONS—*when entitled to do business in this state.* In order to do business in this state it is not essential that a foreign corporation file for record in the recorder's office a certified copy of the secretary of state that it has complied with the laws of this state.

Error to the Municipal Court of Chicago; the Hon. William W. Maxwell, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1909.   Affirmed.   Opinion filed June 16, 1911. Rehearing denied June 27, 1911.

John S. Reynolds and Robert D. Melick, for plaintiff in error.

Charles E. Anthony, for defendant in error.

Mr. Justice Clark delivered the opinion of the court.

Judgment was obtained in the Municipal Court for rent due under a lease, and for possession of the property covered by it, defendant in error being the lessor, and plaintiff in error the tenant.

The judgment we think should be affirmed on several grounds.   First, the abstract of record filed by plaintiff in error is not complete.   We are not furnished in it with an abstract of the lease, or the demand for possession, or the certificate of the secretary of state licensing the defendant in error to do business in the state.   We would be warranted, therefore, in affirming the judgment on that ground.   (Thornton v. Muus, 120 Ill. App. 422.)   We have, however, been furnished with an additional abstract by the defendant in error, covering in part at least the omissions, and have examined the record.

The first point insisted upon by the plaintiff in error is that the defendant in error is a corporation organized for the purpose of purchasing and holding real estate, a purpose not authorized by the laws of this state.   The record does not show the purpose for which it is organized.   This was a matter of defense, and the plaintiff in error should have introduced a certified copy of the articles of incorporation, which could easily have been procured from the secretary of state of this state, with whom it appears a copy of such articles was duly filed.   A second point is that defendant is not authorized to do business in Illinois.

The case is not like that of Oil, Paint & Drug Pub. Co. v. Stroud, 156 Ill. App. 312, cited to us.   In that case the

pleas alleged that the corporation was organized in another state and had not complied with the laws of this state with respect to foreign corporations seeking to do business within it. The truth of these pleas was admitted by demurrer. In the case before us there is no such admission, and there is no proof that the defendant in error has not complied with the laws of this state.

The record discloses by a certificate of the secretary of state that on September 28, 1897, the Central Investment Company, which is a New Jersey corporation, filed in the office of the secretary of state of Illinois duly authenticated evidence of its incorporation, as provided by law, and that it had in all respects complied with the requirements of law governing foreign corporations. This is all that was necessary for it to do in order to enable it to carry on business in this state. There is no provision for the filing of the final certificate in the recorder's office, as must be done with articles of incorporation issued to domestic corporations. It has been held that even a domestic corporation is a corporation *de facto* when the only thing left undone is the filing of a certificate with the recorder of deeds. (Marshall v. Keach, 227 Ill. 35.)

We have considered the other questions raised by the plaintiff in error, but find nothing in the record which, in our opinion, should cause a reversal of the judgment.

*Affirmed.*