THE CENTRAL INVESTMENT COMPANY, Defendant in Error, *vs.* JESSIE MELICK, Admx., Plaintiff in Error.

*Opinion filed April 22, 1915.*

1. RES JUDICATA—*when judgment is res judicata as to validity of lease.* A judgment for rent in a forcible detainer proceeding in which the validity of the lease was attacked, which judgment is subsequently affirmed by the Appellate Court, is conclusive, as between the same parties, as to the validity of the lease when a claim for unpaid rent is subsequently filed.

2. LEASES—*provision is valid that a tenant shall remain liable for rent to end of term notwithstanding re-entry for breach.* A provision in a lease to the effect that the lessor shall have a right of re-entry after the lessee's default without forfeiting the lease or the rights of the lessor thereunder is valid, but in such case the amounts accruing after re-entry are more properly regarded as damages agreed upon for a breach of the covenants of the lease than as rent.

WRIT OF ERROR to the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding.

ROBERT D. MELICK, for plaintiff in error.

GAIL E. DEMING, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

The Central Investment Company, the defendant in error, filed a claim for $2007.16 in the probate court of Cook county against the estate of Josephine King, deceased. Upon a hearing the probate court allowed $1826.26 of the claim and rendered judgment for that amount. Jessie Melick, as administratrix, prosecuted an appeal to the circuit court of Cook county, and a hearing was there had before the court, which resulted in a judgment for $1814.80 in favor of defendant in error. From that judgment the administratrix appealed to the Appellate Court for the First District. The judgment of the circuit court was affirmed

by the Appellate Court, and the record has been brought to this court by the administratrix for review by writ of *certiorari.*

The controversy arises out of a certain lease executed by defendant in error and Josephine King on October 14, 1907. By the terms of the lease defendant in error demised to Josephine King for a term beginning November 1, 1907, and ending October 31, 1910, certain premises in the city of Chicago for the purpose of conducting a restaurant therein, the rent being fixed at $75 per month from November 1, 1907, to April 30, 1909, and at $80 per month from May 1, 1909, to October 31, 1910. The third clause of the lease was as follows: "It is further covenanted and agreed that in case of any default by the lessee in the payment of the rent or otherwise, the lessor or his agents shall have the right to re-enter and take full and absolute possession of the above premises, either by forcible entry, detainer proceedings or otherwise, and hold and enjoy the same fully and absolutely, without such re-entry working a forfeiture of the rents to be paid and the covenants to be performed by said lessee during the full term of this lease." On November 1, 1907, Josephine King entered into possession of the premises, and, together with Jessie Melick, conducted a restaurant therein until her death, which occurred some time prior to December 17, 1908. After the death of Josephine King, Jessie Melick continued in possession of the premises, and on December 17, 1908, was appointed administratrix of the estate of Josephine King by the probate court of Cook county. No rent was paid after October 31, 1908. On January 28, 1909, the defendant in error served a written notice on Jessie Melick, addressed to her individually and as administratrix of the estate of Josephine King, demanding immediate possession of the premises occupied by her on account of default in the payment of rent, the notice stating that the "lessor is hereby availing itself of the typewritten clause numbered 3

in said lease, providing for right of re-entry after lessee's default without forfeiting the lease or the rights of the lessor thereunder." Thereafter, on February 2, 1909, the defendant in error brought an action of forcible detainer in the municipal court of Chicago against Jessie Melick, individually and as administratrix of the estate of Josephine King, to recover possession of the premises and $300 rent alleged to be due. The suit was dismissed as to Jessie Melick individually and judgment was rendered against her as administratrix for possession of the premises and for $300 rent, to be paid in due course of administration. That judgment was affirmed by the Appellate Court for the First District upon an appeal prosecuted by Jessie Melick as administratrix. (*Central Investment Co.* v. *Melick,* 162 Ill. App. 474.) In July, 1909, Jessie Melick left the premises, and, after making certain repairs, the defendant in error, on December 29, 1909, leased the premises to J. D. O'Neill for a term beginning January 1, 1910, and ending April 30, 1912, the rent for the first four months under this lease being fixed at $50 per month and for the remainder of the term at $70 per month. The judgment in this case is for rent from October 31, 1908, to October 31, 1910, after deducting the amount received from O'Neill under the terms of his lease, and also includes certain sums expended by the defendant in error for attorney fees and court costs in the forcible detainer suit and in prosecuting this claim in the probate court.

It was shown upon the hearing in the circuit court that defendant in error is a corporation organized under the laws of the State of New Jersey, for the purpose, among others enumerated in its charter, of renting buildings and re-renting or sub-letting the same or parts thereof. Other powers enumerated in its charter are, to build houses and other buildings, structures and improvements and other mechanical business; to do a general contracting and building business; to do a general collection business and to

act as promoter of all kinds of lawful enterprises. It was also shown that on September 28, 1897, a certificate was issued to defendant in error by the Secretary of State of Illinois, to the effect that it had filed evidence of its incorporation under the laws of the State of New Jersey and is entitled to the rights and privileges granted foreign corporations.

The grounds relied upon by plaintiff in error for reversal are, first, that the lease of October 14, 1907, upon which this judgment is based, is void, because the laws of this State do not permit a corporation to engage in the business of renting buildings for the purpose of re-renting or subletting the same or parts thereof; and second, that said lease, if valid, was terminated on February 2, 1909, by the act of the defendant in error in bringing the forcible detainer suit against the plaintiff in error on that date.

In answer to the first point, the defendant in error says that the plaintiff in error is estopped from questioning its right to sue or recover under the lease by reason of the judgment for $300 obtained in the municipal court. That judgment, and also the judgment affirming it in the Appellate Court, together with the Appellate Court opinion, were introduced in evidence. In the case in the municipal court the parties were the same, the same lease was involved as here, and it appears that the validity of the lease was there attacked upon the same grounds as are here urged against it. The general rule is, that where a second action is based upon the same claim and demand as a former suit, the judgment in the former suit, if rendered upon the merits, is an absolute bar to the subsequent action, and as to such claim concludes both parties and privies, not only as to every ground of recovery or defense actually presented, but also as to every ground which might have been presented in the former suit. (*Anderson* v. *West Chicago Street Railroad Co.* 200 Ill. 329; *Marie M. E. Church* v. *Trinity Church,* 253 id. 21.) In *Louisville, New*

*Albany and Chicago Railway Co.* v. *Carson,* 169 Ill. 247, it was held that a judgment for installments of rent which established the validity of the lease under which the installments accrued is conclusive in a suit between the same parties for subsequent installments as to all questions concerning the validity of the lease which were or might have been raised and determined in the former suit. To the same effect is *Marshall* v. *Grosse Clothing Co.* 184 Ill. 421. A determination of the questions presented in the suit in the municipal court necessarily involved the validity of the lease in question, and this record discloses that that question was actually presented and determined. The question of the validity of the lease is therefore *res judicata* and cannot be considered in this case.

Plaintiff in error contends that by claiming on the lease in the probate court defendant in error abandoned its judgment claim, and therefore all defenses to the lease were opened. As plaintiff in error is mistaken in the premises stated in this proposition it is not necessary to comment upon the correctness of the deduction drawn. The claim filed in the probate court expressly stated that this $300 item was for a judgment recovered in the municipal court which was later affirmed in the Appellate Court.

The case of *Grommes* v. *St. Paul Trust Co.* 147 Ill. 634, is decisive of the second point raised. There was involved in that case a lease with practically the same provisions as those contained in the third clause of the lease here in question, and it was there said: "There is nothing illegal or improper in an agreement that the obligation of the tenant to pay all the rent to the end of the term shall remain notwithstanding there has been a re-entry for default, and if the parties choose to make such an agreement we see no reason why it should not be held to be valid as against both the tenant and his sureties. * * * It may not be strictly accurate or correct to call the money to be paid after re-entry rent, or to treat the lease as in force

after a re-entry. But the parties have a right to fix the amount of the rent to. accrue according to the terms of the lease as the amount of damages to be paid by the tenant in case of a breach of his covenants. It can make but little practical difference whether the sum agreed to be paid be called rent or damages. It may be regarded as damages for the purposes of this suit.—*Hall* v. *Gould,* 13 N. Y. 127; *Underhill* v. *Collins,* 132 id. 269." Whether, as the plaintiff in error contends, by bringing its action of forcible detainer under our statute the defendant in error elected to determine the lease is unimportant under the holding in that case, as the amounts accruing after the re-entry are more properly regarded as the damages agreed upon between the parties in case of a breach of the covenants of the lease.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*