William H. Giesecke, Appellee, v. Edward F. Cullerton and The Bankers Surety Company, Appellants.

### Gen. No. 22,627.

DAMAGES, § 83*—*when provision in bond is for liquidated damages and not penalty.* Where a lessee covenanted in the lease, in addition to his covenant to pay rent, that he would expend a certain sum within a certain time in remodeling and improving the leased premises, and executed a bond stated to be "in the penal sum" of the amount named in the lease to be so expended for the performance of such covenant, *held*, in an action on the bond, that the words "penal sum" used therein had no determinative effect, and the amount named in the bond was liquidated damages and not a penalty, distinguishing the case of *Westfall v. Albert*, 212 Ill. 68.

Appeal from the Superior Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed January 22, 1917.

GUSTAV E. BEERLY, for appellants.

CASTLE, WILLIAMS, LONG & CASTLE, for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

Defendant Cullerton, as lessee, entered into a lease for ninety-nine years, with plaintiff as lessor, wherein the lessee agreed to expend at least $5,000 in remodeling and improving the building on the leased premises. To secure the performance of this covenant a bond for

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

$5,000 was given, executed by Cullerton as principal and the defendant Bankers Surety Company as surety. Plaintiff brought suit on the bond alleging a breach of this covenant, and upon trial by the court had judgment for $5,000, the full amount of the bond. Defendants, appealing, seek a reversal.

The covenant of Cullerton referred to is as follows:

"Fourth. As a further consideration for the leasing and demising aforesaid, said lessee further covenants and agrees to remodel and improve the said building now upon the said demised premises within six months from and after the date of this lease, and to expend in good faith for materials used and labor furnished in and about remodeling and improving said building the sum of at least five thousand ($5,000) dollars.

"And the lessee further agrees to furnish the said lessor upon the execution of this lease a bond in the sum of five thousand ($5,000) dollars, issued by a surety company satisfactory to said lessor, said bond to be conditioned upon the faithful performance by said lessee, of his said covenant last above made."

The bond recites that the defendants are bound "in the penal sum of five thousand ($5,000) dollars," and contains the following:

"Whereas, it was also stipulated and agreed by the said Edward F. Cullerton, as lessee, in the said lease, that he, the said Edward F. Cullerton, as such lessee, should and he would within the period of six (6) months from the said 1st day of July, A. D. 1910, make or cause to be made upon the hereinbefore described premises, improvements to the value of five thousand ($5,000) dollars;

"Now, if the said Edward F. Cullerton, as lessee, shall within the period of six months beginning the first day of July, A. D. 1910, and ending on the 2nd day of December, A. D. 1910, go ahead in keeping with the terms of the said lease and make or cause to be made upon the premises hereinbefore described improvements to the value of five thousand ($5,000) dol-

lars, then this obligation to be void; but otherwise it shall remain in full force and effect."

The evidence shows that Cullerton went into possession of the premises, paid the first quarterly rent, and did some preparatory work towards remodeling the building, but at the end of six months abandoned the premises, leaving them very much dismantled. The lease was afterwards forfeited for failure of the lessee to pay rent.

That there was a breach by defendant is not seriously in dispute, and upon the evidence the trial court was justified in so concluding, as well as that there was an ensuing liability of the defendants under the bond.

Shall the amount named in the bond be held to be a penalty only or liquidated damages? The trial court held it to be liquidated damages, and we are in accord with this decision. The words of the bond designating the obligation as a "penal sum" have no absolutely determinative effect. The rule is correctly stated in Sutherland on Damages (4th Ed.), vol. 1, page 864:

"It is apparent from this consideration of the cases that in determining whether the sum named in a contract is to be taken as a penalty or liquidated damages courts are influenced largely by the reasonableness of the transaction, and are not restrained by the form of the agreement, nor by the terms used by the parties, nor even by their manifest intent. Where the sum named has been expressly designated as stipulated damages it has been held to be a penalty; and, conversely, where the sum has been denominated a penalty, it has been declared to be stipulated damages."

The same author also correctly says, after considering a large number of cases, that "the decision of this question is often intrinsically difficult, for judicial opinions, in the numerous cases on the subject, are very inharmonious; they furnish no universal test or guide"; and quotes with approval from the opinion *Jaquith v. Hudson,* 5 Mich. 123, as follows: "While

no one can fail to discover a very great amount of apparent conflict, still it will be found, on examination, that most of the cases, however conflicting in appearance, have yet been decided according to the justice and equity of the particular case.'' Both of these statements are in harmony with the well-considered and persuasive brief of counsel for the defendants. As good a statement as any of the general principle appears in the decision in *Sun Prtg. & Pub. Ass'n v. Moore*, 183 U. S. 642, where the court said:

''The decisions of this court on the doctrine of liquidated damages and penalties lend no support to the contention that parties may not, bona fide, in a case where the damages are of an uncertain nature, estimate and agree upon the measure of damages which may be sustained from the breach of an agreement. On the contrary, this court has consistently maintained the principle that the intention of the parties is to be arrived at by a proper construction of the agreement made between them, and that whether a particular stipulation to pay a sum of money is to be treated as a penalty, or as an agreed ascertainment of damages, is to be determined by the contract, fairly construed, it being the duty of the court always, where the damages are uncertain and have been liquidated by an agreement, to enforce the contract.''

The lease before us provides as a consideration of the leasing to defendant, not only the payment by him of a stipulated sum of money as rent, but the expenditure upon the premises of the sum of $5,000. The lessor was entitled to this added value to his premises as part of the consideration for the leasing, and we can see no reason why the parties might not agree that the amount of damages in the event of a breach should be the full amount of $5,000. Judgments for the entire amount of rent reserved in leases have been sustained under a covenant that this should be considered as the damages upon breach of the lessee to pay any instalment of rent. *Central Investment Co. v. Melick,*

267 Ill. 564; *Grommes v. St. Paul Trust Co.,* 147 Ill. 634. By analogous reasoning this judgment could properly be sustained.

This view of the matter would render ineffectual any argument based upon an alleged part performance by the lessee, although in the instant case the court could properly be of the opinion that the expenditure in dismantling the premises should not properly be considered as part performance for the reason that this left the premises in a worse condition than they were before.

We are not persuaded of the unsoundness of the reasoning of the late Mr. Justice Adams which appears in his opinion in *McCullough v. Moore,* 111 Ill. App. 545, in accord with which this judgment could be affirmed on the theory that the undertaking to remodel and improve the premises was for the purpose of furnishing the lessor with security for the rent and the other obligations of the lessee. The failure of this security would reasonably result in damages uncertain and difficult of determination. This is especially apparent in the case before us, where the premises were abandoned by the lessee and left in a chaotic condition and the lease forfeited for failure of the rent. We do not understand *Westfall v. Albert,* 212 Ill. 68, to be in opposition. In this latter case a controlling factor, as stated by the court, was that the damages were capable of easy ascertainment.

In our opinion the trial court was right in treating the sum mentioned in the bond as liquidated damages, and the judgment is affirmed.

*Affirmed.*