Parker-Holladay Company, Appellant, v. Norris H. Bokum and John H. Dingle, trading as Bokum & Dingle, Appellees.

Gen. No. 33,096.

136

Opinion filed March 11, 1929.

AUSTIN E. TORNEY, for appellant; HARRY F. BREWER, of counsel.

DEFREES, BUCKINGHAM & EATON, for appellees; ROBERT E. WRIGHT, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against defendants to recover $422.53 claimed to be a balance due for goods sold and delivered. The case was heard without a jury, there was a finding and judgment in defendants' favor and plaintiff appeals.

The record discloses that on July 8, 1927, plaintiff sold and delivered to defendants certain goods. On September 6, 1927, defendants paid plaintiff $44.95 but whether this item was paid on account of the indebtedness is not clear. The defense interposed was that plaintiff corporation had not paid its franchise tax as required by the laws of this State; that plaintiff was in default in such payment on July 8, 1927, when the goods in question were sold and therefore the contract of sale was void and that no suit could be maintained because prohibited by statute. The court held this defense good and entered a finding and judgment for defendants.

The record further shows that plaintiff corporation paid its franchise tax July 14, 1927, and it is conceded that if the legal defense stated is untenable then plaintiff is entitled to recover $422.53.

To determine the question involved it is necessary to consider sections 105, 108, 112, 114, 115, 116, 117, 118, 125 and 128 of chapter 32, Cahill's 1927 Statutes.

These sections are a part of the General Corporation Act passed by the Legislature in 1919.

Section 105 provides that all corporations organized for profit (except insurance companies) under the laws of this State, or doing business in this State or admitted to do business in this State, shall pay an annual license fee or franchise tax.

Section 108 provides that the franchise tax ''shall be due and payable on the first day of July of each year and shall be the franchise tax for the year commencing on the first day of July in which it is due and ending on the thirtieth day of June next thereafter.'' By section 112 it is provided that the Secretary of State between the first day of February and the fifteenth day of June of each year shall mail a notice in writing to each corporation against which a tax is assessed, notifying the corporation of the amount of the franchise tax.

Section 114 is as follows: ''If the franchise tax assessed in accordance with the provisions of this Act shall not be paid on or before the thirty-first day of July, it shall be deemed to be delinquent, and there shall be added a penalty of five per cent for each month or part of month that the same is delinquent, commencing with the month of August.''

Section 115 provides that the franchise tax shall be a prior and first lien on the property of the corporation from and including the first day of July in each year until the tax is paid. And section 116 provides that: ''In case any corporation shall fail . . . to pay the franchise tax assessed against it on or before the thirty-first day of July,'' the Secretary of State shall issue a warrant directed to the sheriff of any county in the State, commanding him to collect the tax; and by section 117 it is provided that at any time ''on or after the first day of August'' the Secretary of State through the Attorney General may institute an action of debt to

recover the tax. Section 118 provides that in case any corporation fails to pay its franchise tax "on or before the thirty-first day of July of the year in which such franchise tax becomes due and payable," the Attorney General shall file an information for the dissolution of the corporation; and by section 125 it is provided that upon the payment of the franchise tax, penalties and costs, the suit brought for the dissolution of the corporation shall abate.

Section 128 is as follows: "No corporation required to pay a franchise tax or fee under the laws of this State shall transact any business in this State or maintain any action at law or suit in equity, unless such corporation shall have paid such franchise tax, or such fees and penalties when the same become due and payable until such franchise taxes, fees and penalties have been paid in full."

It is the defendants' contention that under section 108 the franchise tax is due and payable on the first day of July of each year, and that since by section 128 it is made unlawful for any. corporation that has not paid its franchise tax to transact any business in the State or maintain any action at law or suit in equity, the plaintiff, not having paid its tax on July first when it was due and payable, could not transact any business in the State of Illinois, and therefore when it purported to sell the goods in question on July 8, the contract was void, and that section 128 further provides that in such a situation no suit can be maintained.

It has been held in this State that a contract made by a foreign corporation which had not complied with the laws of this State so as to authorize it to transact business in this State was void, and that no action could be maintained to recover on the contract even though the corporation should subsequently qualify and be licensed to do business in this State. *United Lead Co. v. Reedy Elevator Mfg. Co.*, 222 Ill. 199; *Ryerson & Son*

*v. Shaw,* 277 Ill. 524. The rule announced in the cases just cited with reference to foreign corporations that do business in this State without licenses is a harsh one and we think it should not be extended unless the law is plain. But we think that the provisions of the statute with reference to foreign corporations doing business in this State without a license, Cahill's St. ch. 32, ¶ 94, is not the same as the law requiring a franchise tax as shown by the sections of that Act above referred to. While it is true that by section 108 the franchise tax is due and payable on the first day of July of each, year, yet it is equally true that a corporation which fails to pay its franchise tax is not delinquent until the thirty-first day of July of each year, as section 114 specifically provides. And we are therefore of the opinion that a corporation ought not to be prohibited from transacting business before it is delinquent.

We therefore hold that the contract in question for the sale of the goods being made on July 8 was not rendered invalid by virtue of any provision of the sections above mentioned. It therefore follows that the defense interposed should have been overruled and plaintiff should have had a judgment for $422.53.

Obviously we do not pass on the question whether a contract made by a corporation that has not paid its annual franchise tax until after July 31 is or is not valid, because that question does not arise here.

The judgment of the municipal court of Chicago is reversed and judgment will be entered in this court in favor of plaintiff and against defendants for $422.53.

*Judgment reversed and judgment entered in this court.*

McSURELY and MATCHETT, JJ., concur.