PER CURIAM.

(No. 6325— )

ILLINOIS POWER COMPANY, Claimant, *vs.* STATE OF ILLINOIS, DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Respondent.

*Opinion filed April 14, 1975.*

HATCH, CORAZZA, BAKER & JENSEN, by William L. Hatch, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; HOWARD W. FELDMAN, Assistant Attorney General, for Respondent.

PERLIN, C.J.

This is an action to recover the sum of $783.92 which claimant asserts it is owed by respondent under the terms of a contract for electrical and gas utilities service.

The facts have been stipulated to by the parties. On December 22, 1967, the Department of Children and

Family Services of the State of Illinois entered into two contracts with claimant for gas and electrical service at the Regional Office Building of the Department of Children and Family Services in Champaign, Illinois. Both contracts contained the following clause:

1. Terms of Payment:

(a) Customers' bills will be rendered at net rates and will be distributed at monthly intervals bearing date on which net payments are due, namely not less than 10 days after date distributed. Accounts not paid in full within 10 days are subject to an additional charge of 2%.

(b) Upon request by customer, Utility will waive the additional charge of 2% on bills not paid within the net payment period, provided such requests are not made more often than once in each half-calendar year.

(c) Because of statutory or other requirements incidental to their fiscal operations, Federal, State, County and Municipal governments including public school districts or any other political subdivision created under Federal or State Laws and supported by public taxation, will be allowed a period of 30 days from date of bill during which time payment may be made on a net basis. Such accounts not paid in full within 30 days will be subject to an additional charge of 2%.

(d) The additional charge of 2% provided for in subparagraphs (a), (b) and (c) above shall not be in lieu of or affect the Utility's right to collect interest as provided by law or by contract on account of failure of the customer to pay charges when they become due and payable.

It has been further stipulated that the additional charges of $783.92 have been correctly calculated by claimant.

The sole issue before the Court is whether respondent must pay the additional charge due under the contract, or whether, as asserted by respondent, the charge constitutes a penalty which is not recoverable by claimant.

In *In re Gelino,* 43 F.2d 832, at 833, (1930), the Court said:

"Whether a sum named in a contract to be paid by a party in default on its breach is to be considered liquidated damages or merely a penalty, is one of the most perplexing and difficult inquiries encountered in the construction of written agreements. (Citations omitted.) The question is one to be determined by the contract fairly construed."

See also, *Giesecke* v. *Callerton*, 203 Ill.App. 287.

Section 1(d) of the rate structure states clearly that the 2% charge is not in lieu of interest due on the overdue payment. Further, while individual accounts are subject to the 2% charge after 10 days from distribution of the bills, governmental users are given 30 days in which to pay before the additional charge is applicable.

We therefore think it clear that the additional charges provided for in the contract are not intended to compensate claimant either for the cost of the power supplied, or for the "time value" of a late payment. Rather, the purpose of the 2% additional charge is to induce prompt payment of the utilities' bills.

In *Giesecke v. Callerton*, 230 Ill. 570, at 574, (1917), the Supreme Court said:

"The Court has said more than once that the courts will look to see the nature and purpose of fixing the amount of damages to be paid, and if it appears to have been inserted to secure prompt performance of the agreement, it will be treated as a penalty and no more than actual damages proved can be recovered."

The Court concludes that the sums sought to be recovered by claimant constitute a penalty.

Claimant argues, however, that in *Stewart* v. *State*, 21 C.C.R. 490 (1953), this Court held that the State could be held liable under a penalty clause in a contract. In *Stewart, supra.*, the State entered into a purchase contract which provided for a 7% discount if payment was made within 20 days of delivery of the goods. Although the State did not pay within 20 days, it claimed the discount on the purchase. The Court held that the State was not entitled to the discount, and ordered it to pay the full purchase price.

That situation was substantially different from the

case at bar, where claimant's pricing schedule requires payment of a charge in addition to the base price if payment is delayed. In the former instance, the claimant offered a reward for early payment, to which the State was held not entitled. Here claimant did not offer a reduction in price for prompt payment, but rather punished late payment by providing for a charge over and above the cost of the service provided. The contract in *Stewart* did not contain a true penalty clause, and that case is not supportive of claimant's position.

The claim herein is accordingly denied.