(No. 75-CC-0740—

ILLINOIS STATE TRUST CO. and M & S RENTAL EQUIPMENT CO., Claimants, *v.* THE BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY, ILLINOIS JUNIOR COLLEGE BOARD AND STATE COMMUNITY COLLEGE OF EAST ST. LOUIS, Respondents.

*Opinion filed August 4, 1986.*

CARR, KOREIN, KUNIN, SCHLICHTER & BRENNAN (REX CARR, of counsel), for Claimants.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER and LAWRENCE REISCH, JR., Assistant Attorneys General, of counsel), for Respondents.

1

HOLDERMAN, J.

This is a claim for double rent of premises occupied by the East St. Louis Community College. The claim arises out of a lease entered into by Southern Illinois University and sublet or assigned to the Illinois Junior College Board and State Community College of St. Louis. The primary term of the lease was from June 1, 1969, to June 30, 1969, with options to renew for three two-year periods.

The dispute in question arose at the close of the first two-year renewal on June 30, 1971. At the close of the first option term, the college proposed to the Claimants the renewal of the lease for one year and cited as a reason the lack of appropriated funds. Claimants rejected the proposal by letter, dated September 14, 1971, and addressed to the Board of Trustees of Southern Illinois University. Thereafter, rents were submitted subsequent to September 21, 1971, and accepted by Claimants. Claimants are asking for the sum of $304,000.00, plus costs and interest for the period in question (September 22, 1971, to July 1974).

This is an old case starting originally on January 6, 1975, when the complaint was filed. The docket sheet is now 3½ pages long.

Briefly, the record shows that when the original lease expired, there were several letters exchanged between the parties. Claimants wrote a letter dated September 14, 1971, to the Board of Trustees of Southern Illinois University which stated that the

holding over beyond the termination date of the lease constituted renewal under the option for an additional two years. On September 22, 1971, Claimants wrote the Board another letter to the effect that the original lease had been cancelled, and on November 11, 1971, Respondent wrote to Claimants stating ". . . none of our actions shall be deemed to have been a renewal of our lease for the period of July 1, 1971-June 30, 1973."

The fact remains, however, that Respondent kept paying the rent at the old figure and the payment at the old figure was accepted by Claimants, although they did write to Respondent that the payment was not sufficient.

Another important factor in the Court's decision is that a new lease was entered into after approximately two years of paying hold-over rent and the new lease was for an amount only slightly larger than that of the original lease.

Respondent, in its brief and arguments, states that by accepting the old rent an election was made by Claimants and Respondent was therefore not liable. Respondent continued to occupy this property for an additional three years and paid rent at the rates called for in the old lease, from 1971 to 1974. This rent was accepted by Claimants and no proceedings were started to evict Respondent from the premises although protests were made every month.

Respondent further contends that acceptance of the rent as listed in the original lease after its demand for possession would constitute a waiver of statutory rights since it would make Respondent a hold-over tenant. Respondent also points out that at no time did Claimants exercise the option of ouster of said tenant. Respondent also states that penalty provisions cannot be applied

against the State of Illinois. *Illinois Power Co.*, 30 Ill. Ct. Cl. 506; Ill. Rev. Stat. 1971, ch. 80, par. 2.

Claimants state that the statute provision does not govern this case and they are entitled to double rent under the theory of common law. Claimants call attention to the fact that the rents paid after September 1, 1971, were at the old rate and were not satisfactory, and although they billed Respondent each month for the new amount, they were continually paid at the old rate.

It is the Court's opinion that the acceptance of the old rent was an act by Claimants establishing that election had been made and therefore Respondent is not liable. It is the Court's further opinion that under the penalty laws of the State of Illinois, penalties sought by Claimants in this case, double rent, is a penalty which is contrary to the laws of the State of Illinois.

Award is denied and this cause is dismissed.